### The United States, v. John B. Mills.

he defendant was indicted upon the twenty-fourth section of the act of congress of 3d March 1825, entitled "an act to reduce into one the several acts establishing and regulating the post office department," for advising, procuring and assisting one Joseph I. Straughan, a mail carrier, to rob the mail; and was found guilty. Upon this finding, the judges of the circuit court of North Carolina were divided in opinion on the question, whether an indictment founded on the statute for advising, &c. a mail carrier to rob the mail, ought to set forth or aver that the said carrier did in fact commit the offence of robbing the mail? By the court:

The answer to this, as an abstract proposition, must be in the affirmative. But if the question intended to be put is, whether there must be a distinct substantive averment of that fact: it is not necessary. The indictment in this case sufficiently sets out that the offence had been committed by the mail carrier.

The offence charged in this indictment is a misdemeanour where all are principals; and the doctrine applicable to principal and accessary in cases of felony, does not apply. The offence, however, charged against the defendant is secondary in its character; and there can be no doubt that it must sufficiently appear upon the indictment, that the offence alleged against the chief actor had been committed.

ON a certificate of division from the circuit court of the United States for the district of North Carolina.

The defendant was indicted at the term of November 1832 of the circuit court, for an offence against the post office laws passed on the 2d of March 1824, entitled, "an act to reduce into one act the several acts establishing and regulating the post office department."

The indictment contained two counts.

The first count charged that the defendant did, "at Fayetteville, on the 1st June 1832, procure, advise and assist Joseph I. Straughan to secrete, embezzle and destroy a mail of letters, with which the said Joseph I. Straughan was entrusted, and which had come to his possession, and was intended to be conveyed by post from Pittsborough, in the district aforesaid, to Fayetteville, also in said district, containing bank notes; the said Joseph I. Straughan being, at the time of such procuring, advising and assisting, then and there a person employed in

[United States v. Mills.]

one of the departments of the post office establishment, to wit, a carrier of the mail of the United States from Pittsborough aforesaid to Fayetteville aforesaid, contrary to the form of the act of congress," &c.

The second count was in the following words: that the defendant "did procure, advise and assist Joseph I. Straughan to secrete, embezzle and destroy a letter addressed by Joseph Small to Joseph Baker, with which the said Joseph I. Straughan was entrusted, and which came to his possession, and was intended to be conveyed by post from Pittsborough, in the district aforesaid, to Fayette ville, aforesaid, containing sundry bank notes, amounting, in the whole, to sixty dollars, of a discrimination to the jurors aforesaid unknown, and of the issue of a bank to the said jurors also unknown; the said Joseph I. Straughan being, at the time of such procuring, advising and assisting, then and there a person employed in one of the departments of the post office establishment, to wit, a carrier of the mail of the United States from Pittsborough aforesaid to Fayetteville aforesaid, contrary to the form of the act of congress," &c.

The jury found the defendant guilty on both counts; and a motion was made in arrest of judgment on the following grounds:

1. That the indictment doth not aver, charge, or in any manner show, that the said Joseph I. Straughan did commit the offence which this defendant is alleged to have procured and advised and assisted him to commit.

2. That the said indictment is, in other respects, uncertain, insufficient, informal and defective, and will, in no sort, warrant any judgment upon the said verdict.

Upon this motion the following certificate of division was given:

"The defendant was indicted upon the twenty-fourth section of the act of congress approved the 2d of March 1825, entitled an act to reduce into one the several acts establishing and regulating the post office department, for advising, procuring and assisting one Joseph I. Straughan, mail carrier. to rob the mail, and being found guilty, submitted a motion in arrest of judgment; one reason in support of which motion

was, that the indictment did not sufficiently show any offence against the said act, because the same did not directly charge, or otherwise aver, that the said Joseph I. Straughan did actually rob the mail, and, upon argument, the judges were opposed in opinion upon th   ~uestion, to wit: whether an indictment, grounded upon the sanu statute, for advising, &c. a mail carrier to rob the mail ought to set forth or aver that the said carrier did, in fact, commit the offence of robbing the mail, and, therefore, the judges directed the same to be certified to the supreme court.

The case was argued for the United States by the attorney-general, Mr Taney ; no counsel appeared for the defendant.

He stated that the charge, so far as it is material to the question submitted to the court in the certificate of division, is contained in the first count; "that the defendant did procure, advise and assist" the mail carrier to secrete, embezzle and destroy the mail of the United States.   In neither count is there an averment that the offence of secreting, embezzling or destroying the mail was actually committed.

But as the offence charged is a misdemeanour, all are principals; and the law which requires that before the accessary can be convicted, the principal must be proved to have been guilty, and the offence to have been committed, does not apply.   As this is a statute offence, it is sufficient to bring the offender within the words of the law ; and it may be urged that the words themselves contain in themselves a sufficient averment.

Upon the authority of the decision of this court in the United States v. Goodin, 12 Wheat. 466, 474, it is submitted that the indictment may be sustained.

Upon English authorities it is sufficient to lay the offence in the words of the law.   2 East's Pl. Cr. 781; 2 Leach, Crim. Cases, 578 ; 5 T. R. 33.

Mr Justice THOMPSON delivered the opinion of the Court.

The defendant was indicted in the circuit court of the United States for the district of North Carolina, under the twenty-fourth section of the act of 1825, entitled "an act to reduce

into one, the several acts establishing and regulating the post office department" (7 Laws U. S. 377), which declares "that every person, who, from and after the passing of this act, shall procure and advise, or assist in the doing or perpetration of any of the acts or crimes by this act forbiden, shall be subject to the same penalties and punishments as the persons are subject to who shall actually do or perpetrate any of the said acts or crimes, according to the provisions of this act." Upon the trial the defendant was convicted of the offence charged in the indictment, and a motion was made in arrest of judgment, upon which motion the judges were opposed in opinion, and the case comes here upon the following certificate:

"The defendant was indicted upon the twenty-fourth section of the act of congress, approved the 3d of March 1825, entitled "an act to reduce into one, the several acts establishing and regulating the post office department," for advising, procuring and assisting one Joseph I. Straughan, mail carrier, to rob the mail, and, being found guilty, submitted a motion in arrest of judgment: one reason in support of which motion was, that the indictment did not sufficiently show any offence against the said act, because the same did not directly charge or otherwise aver, that the said Joseph I. Straughan did actually rob the mail; and upon argument the judges were opposed in opinion upon this question, to wit, whether an indictment grounded upon the said statute, for advising, &c. a mail carrier to rob the mail, ought to set forth or aver, that the said carrier did in fact commit the offence of robbing the mail, and therefore the judges directed the same to be certified to the supreme court.

The offence charged in this indictment is a misdemeanour, where all are principals; and the doctrine applicable to principal and accessary in cases of felony does not apply. The offence, however, charged against the defendant, is secondary in its character; and there can be no doubt, that it must sufficiently appear upon the indictment, that the offence alleged against the chief actor had in fact been committed.

The first count in the indictment alleges that the defendant did, at the time and place therein mentioned, procure, advise and assist Joseph I. Straughan to secrete, embezzle and destroy a letter with which he, the said Joseph I. Straughan

was entrusted, and which had come to his possession, and was intended to be conveyed by post, &c., containing bank notes, &c. He, the said Joseph I. Straughan, being at the time of such procuring, advising and assisting, a person employed in one of the post office establishments, to wit, a carrier of the mail, &c., contrary to the form of the act of congress in such case made and provided.

The second count in the indictment sets out the particular letter secreted, embezzled and destroyed, containing bank notes amounting to sixty dollars.

The offence here set out against Straughan, the mail carrier, is substantially in the words of the statute, second section. If any person employed in any of the departments of the post office establishment, shall secrete, embezzle or destroy any letter, packet, bag, or mail of letters with which he shall be entrusted, or which shall have come to his possession, and is intended to be conveyed by post, containing any bank note, &c., such person shall, on conviction, be imprisoned, &c.

The general rule is, that in indictments for misdemeanours created by statute, it is sufficient to charge the offence in the words of the statute. There is not that technical nicety required as to form, which seems to have been adopted and sanctioned by long practice in cases of felony, and with respect to some crimes, where particular words must be used, and no other words, however synonymous they may seem, can be substituted. But in all cases the offence must be set forth with clearness, and all necessary certainty, to apprise the accused of the crime with which he stands charged.

And we think the present indictment contains such certainty, and sufficiently alleges, that the offence had, in point of fact, been committed by Straughan. It charges the defendant not only with advising, but procuring and assisting Straughan to secrete and embezzle, &c. This necessarily implies that the act was done; and is such an averment or allegation, as made it necessary on the part of the prosecution to prove that the act had been done.

The particular question put in the certificate of division is, whether an indictment, grounded upon the said statute for advising, &c. a mail carrier to rob the mail, ought to set forth or

[United States v. Mills.]

aver that the said carrier did in fact commit the offence of robbing the mail. The answer to this, as an abstract proposition, must be in the affirmative. But if the question intended to be put is, whether there must be a distinct, substantive and independent averment of that fact, we should say it is not necessary, and that the indictment in this case sufficiently sets out that the offence had been committed by Straughan, the mail carrier; and that no defect appears in the indictment for which the judgment ought to be arrested.

A certificate to this effect must accordingly be sent to the circuit court.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of North Carolina, and on the question and point on which the judges of the said circuit court were opposed in opinion, and which was certified to this court for its opinion, agreeably to the act of congress in such case made and provided, and was argued by counsel: on consideration whereof, it is the opinion of this court that the indictment in this case sufficiently sets out that the offence had been committed by Straughan, the mail carrier; and that no distinct, substantial and independent averment of that fact was necessary, and that there is no sufficient cause for arresting the judgment: whereupon it is adjudged and ordered by this court, that it be certified to the said circuit court that the indictment in this case sufficiently sets out that the offence had been committed by Straughan, the mail carrier, and that no distinct, substantial and independent averment of that fact was necessary, and that there is no sufficient cause for arresting the judgment.