[See Case No. 15,348.]

---

# Case No. 15,350.

## UNITED STATES v. HENRY.

[3 Ben. 29.] [1]

District Court, S. D. New York. Nov. 1868.

INDICTMENT — INTERNAL REVENUE — FRAUDULENT WAREHOUSE BOND.

1. The general rule is that, in an indictment for an offence created by statute, it is sufficient to describe the offence in the words of the statute. If the defendant insists upon greater particularity, it is for him to show that the case falls within some exception to the general rule.

[Cited in State v. Bennett. 102 Mo. 365. 14 S. W. 865.]

2. In an indictment under the 42d section of the internal revenue act of July 13th, 1866 (14 Stat. 162), for executing a fraudulent bond, it is not necessary to set out the particulars in which the bond is fraudulent, or the particular manner in which the payment of the tax was evaded, or in which the bond was used, or attempted to be used, in fraud of the revenue law, or in which the accused executed the bond or procured it to be executed, or connived at its execution.

3. Under the 27th section of that act. the proper person to give the warehouse bond there provided for is the person who, under the 24th section, gives the notice to the government that he is the person engaged in the business of a distiller, at the distillery in question.

At law.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

B. K. Phelps and J. Bell, for the United States.

E. Cooke and E. Blankman, for defendant.

BLATCHFORD, District Judge. This is a motion in arrest of judgment and also for a new trial. The defendant [Nicholas Henry] has been convicted on an indictment founded on the 42d section of the internal revenue act of July 13th, 1866 (14 Stat. 162). That section, so far as it applies to the present case, provides, that any person who shall execute any fraudulent bond required by law or regulations, or who shall fraudulently procure the same to be executed, or who shall connive at the execution thereof, by which the payment of any internal revenue tax shall be evaded or attempted to be evaded, or which shall in any way be used or attempted to be used in fraud of the internal revenue laws and regulations, on conviction thereof, shall be imprisoned, &c. The statute does not make the offence a felony. The first count of the indictment avers that the defendant, on a day and at a place named, unlawfully, knowingly, and willfully did execute, and fraudulently procure to be executed, and connive at the execution of, a certain bond, which said bond was then and there required by law and regulations to be given by one Raedle, Raedle then and there being the owner of a distillery, and then and there being the owner of a bonded warehouse provided by him for the storage of bonded spirits of his own manufacture, which said bond, so executed, as aforesaid, was then and there fraudulent, and by which said fraudulent bond the payment of a certain internal revenue tax, to wit, the tax on the spirits distilled by such person as such owner of a distillery as aforesaid, was evaded and attempted to be evaded, then and there, with intent to defraud the United States. The bond is set out in hæc verba, and the count avers that the defendant then and there knew the said fraudulent bond to be fraudulent, against the peace. &c. The second count is in all respects like the first, except that, instead of the averment as to the evasion and attempt at evasion of the payment of a tax, it is averred, that said bond was then and there used and attempted to be used in fraud of the said internal revenue laws and regulations.

It is urged in support of the motion in arrest of judgment, that the indictment does not sufficiently describe the offence, and that it is defective in not setting forth in what particulars the bond was fraudulent, and how the payment of the internal revenue tax was evaded and attempted to be evaded, and how the bond was used and attempted to be used in fraud of the internal revenue laws and regulations, and how the defendant executed, and procured to be executed, and connived at the execution of the bond.

The offence specified in the statute is one created by the statute. It was not an offence at common law. The general rule is

well settled, that, in an indictment for an offence created by statute, it is sufficient to describe the offence in the words of the statute, and that if the defendant insists upon a greater particularity, it is for him to show that, from the obvious intention of the legislature, or the known principles of law, the case falls within some exception to such general rule, but few exceptions to the rule being recognized. Whart. Cr. Law (2d Ed.) c. 5, § 8, p. 132; U. S. v. Gooding, 12 Wheat. [25 U. S.] 460. 474; U. S. v. Mills, 7 Pet. [32 U. S.] 138, 142; U. S. v. Staats, 8 How. [49 U. S.] 40. 44; U. S. v. Pond [Case No. 16.067].

In the present case, the indictment, in charging the offence, uses all the words which the statute employs. It is not claimed that the words of the act are not pursued, but it is claimed that the indictment should contain more than the words of the act. In the case of U. S. v. Gooding, 12 Wheat. [25 U. S.] 460, the indictment was founded on the act of April 20th, 1818 (3 Stat. 450), concerning the slave trade. It is alleged that the defendant fitted out for himself, as owner, a certain vessel named, with intent to employ it in procuring negroes, &c. The offence was a misdemeanor. The objection was taken that such allegation was not a legal charge of an offence, and that it was necessary to specify in the indictment the particular equipments, in order that the defendant might have notice of the particular charge against him. The judges of the circuit court were divided in opinion on this question, and it was certified to the supreme court. In the opinion of the court (page 473), delivered by Mr. Justice Story, it is said: "It is contended that there ought to have been a specification of the particulars of the fitting out, and that it is not sufficient to allege the act itself without them. The indictment in this respect follows the language of the statute, and is as certain as that is. We cannot perceive any good reason for holding the government to any greater certainty in the averments of the indictment. The fitting out of a vessel may and must consist of a variety of minute acts and preparations, almost infinite in their detail, and their enumeration would answer no valuable purpose to the defendant to assist him in his defence, and subserve no public policy. * * * The particular preparations are matters of evidence and not of averment. * * * In general, it may be said that it is sufficient certainty in an indictment to allege the offence in the very terms of the statute. We say, in general, for there are doubtless cases where more particularity is required, either from the obvious intention of the legislature, or from the application of known principles of law. At the common law, in certain descriptions of offences, and especially of capital offences, great nicety and particularity are often necessary. * * * So again, in certain classes of statutes, the rule of very strict certainty has sometimes been applied where the common law furnished a close and appropriate analogy. Such

are the cases of indictments for false pretences, and sending threatening letters, where the pretences and the letters are required to be set forth, from the close analogy to indictments for perjury and forgery. Courts of law have thought such certainty not unreasonable or inconvenient, and calculated to put the plea of autrefois acquit or convict, as well as of general defence at the trial, fairly within the power of the prisoner. But these instances are by no means considered as leading to the establishment of any general rule. On the contrary, the course has been to leave every class of cases to be decided very much upon its own peculiar circumstances. Thus, in cases of conspiracy, it has never been held necessary to set forth the overt acts or means, though these might materially assist the prisoner's defence. So, in cases of solicitation to commit crimes, it has been held sufficient to state the act of solicitation, without any averment of the special means. And in endeavors to commit a revolt, which is by statute in England made a capital offence, it has always been deemed sufficient to allege the offence in the words of the statute, without setting forth any particulars of the manner or the means. These cases approach very near to the present, and if any, by way of precedent, ought to govern it, they well may govern it." These principles are held to be especially applicable to indictments for offences which are misdemeanors, or are not felonies. U. S. v. Mills, 7 Pet. [32 U. S.] 138, 142. The rule applied by the supreme court in U. S. v. Gooding [supra] is one applicable in all respects to the present case. The fitting out of a vessel with intent to employ her in the slave trade is a crime created wholly by statute, and its criminality depends always, in a material degree, upon the character of the fitments of the vessel. If the vessel is fitted out with appliances for engaging in the slave trade, an important step toward the crime is made out; and, in every trial for such a crime, the character of such fitments and appliances becomes a material issue. For that reason it was urged, that the fitments or equipments ought to be particularly specified in the indictment, in order that the defendant might have notice of the particular charge against him. But the court held that that was not necessary, and that a simple allegation of fitting out, in the words of the statute, was sufficient. So, too, it is no more necessary to set out in the present case the particulars in which the bond is fraudulent, or the particular manner in which the payment of the tax was evaded and attempted to be evaded, or the particular manner in which the bond was used and attempted to be used in fraud of the internal revenue laws and regulations, or the particular manner in which the defendant executed and procured to be executed and connived at the execution of the bond, than it is to set out the acts or means in cases of conspiracy, or the special means in cases of solicitations to commit

crimes, or the particular manner or means employed in an endeavor to create a revolt.

It is not alleged in the present case that the defendant has suffered from any surprise, or mistake, or absence of witnesses, by reason of the omission of any averment in the indictment. If such a fact were established, while it would not affect the validity of the indictment, it would be a proper ground to urge in favor of a new trial. This court, while seeking to uphold the law and the rights of the government, will always sedulously endeavor to secure to every person indicted or tried for crime a full and fair opportunity to meet the allegations brought against him. No injustice is · suggested in the present case. The trial was deliberate and full, the jury considered the guilt of the defendant established, and the court is entirely satisfied with their verdict.

In regard to the point made that the defendant, and not Raedle, was the owner of the distillery in question, the owner of the distillery and the owner of the warehouse, named in the 27th section of the act of July 13th, 1866, as the proper person to give the warehouse bond there provided for, is the person who, under the 24th section of the same act, gives the notice to the government that he is the person engaged in the business of a distiller at the distillery in question. That person in this case was Raedle, and not the defendant. Raedle was the owner quoad the government. It could know no one else. The defendant may have been the owner in a private sense, as between him and Raedle, but Raedle was the owner in a public sense. The evidence of the making of the returns by Raedle was in fact given on the part of the defendant, and was competent evidence under the first and second counts, and would have been competent if given on the part of the government.

The question as to the defendant's guilty knowledge of the worthlessness of the sureties to the bond was a question of fact for the jury. The evidence was, in the judgment of the court, sufficient to fully warrant the verdict. The motion in arrest of judgment and the motion for a new trial are denied.