The opinion of the Court was delivered by
Todd, J.
The defendant was indicted for murder, and convicted of manslaughter, and appeals from a sentence condemning her to pay a fine of one dollar and to be imprisoned twenty years at hard labor, in the penitentiary.
The alleged errors complained of, on which the accused bases her claim for relief, are:
1st, the overruling of the motion in arrest of judgment; and 2d, the admission of the confession of the accused in evidence.
The motion in arrest of judgment contains the following grounds:
I. That the indictment is insufficient in form and in siibstance, because, under Article 8 of the Constitution of 1879, the said indictment did not give the accused any information of the nature and cause of the accusation.
2: That the indictment simply charged the accused with the crime of murder, when, according to law (Act 24 of 1878), and considering the proof adduced by the State on the trial of the cause, the indictment should have charged and specified that death ensued from administering poison by defendant.
' Section 1048 R. S., provides:
“ In any indictment for murder, or manslaughter, it shall not be *149 necessary to'set forth the manner in which, or the means by which, the death of the deceased was caused; it shall be sufficient in every indictment. for murder to charge that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased.”
The indictment in question is framed in accordance with this section. The counsel for the defendant, however, contend that it is opposed to Article 8 of the Constitution of 1879, which declares, “ that the accused shall enjoy the right to be informed of the nature and cause of the accusation.” And, inasmuch as evidence was offered and received to establish that the death resulted from poison, that the mode or means of the death should have been specifically set forth in order to meet this constitutional requirement.
We cannot believe that this clause in the Constitution was designed to repeal or affect the statute referred to. It is true that the clause is not found in the previous State Constitutions, but, nevertheless, it is not strict^ an innovation, and introduced no new principle in criminal prosecutions, since its exact language is borrowed from the Sixth Amendment of the Constitution of the United States. It has been the subject of construction by the United States Courts. Thus, in the case of United States vs. Mills, 7 Peters, 142, it was construed to mean, that the indictment must set forth the offense “ with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged.” See also U. S. vs. Cook, 17 Wallace, 174.
The indictment in question certainly fills these requirements as thus authoritatively construed. The accused is apprised with all necessary certainty that the crime with which she is charged is murder. The error of comisel is in confounding the nature and cause of the prosecution with the manner of the death, or means or instrument used to produce it.
Nor does the Act of 1878, referred to. possess any significance or bearing on this point, for the reason that that Act does not. relate to murder, by poisoning or otherwise, but refers to the administering of poison, or other drug, with intent to commit murder or rape. It is a strictly statutory offense. The evidence to show that the death was caused by administering poison was properly admissible under the averments of the indictment.
2. In regard to the admissibility of the confession of the accused, it depended upon a question of fact, that is, whether the confession was voluntary or not. This question the Judge had to decide, with a view to determine its admissibility. It was a matter largely within his discretion ; and after hearing and weighing the evidence touching the character of the confession, he held that it was voluntary and admitted it.
*150 Whether the confession was voluntary or'not, and admissible or inadmissible, under the evidence submitted, is a mixed question of law and fact, which we are authorized to review; the evidence on the point being set forth in the bill of exceptions.
Though this is the case, the ruling of a Judge of the first instance on a question of this character should not he disturbed, unless clearly erroneous. The presence of the witnesses before him, their manner of testifying, character, etc., offered an opportunity of reaching a correct conclusion in the point at issue, superior to any we posess. Our examination of the Record, although the evidence is conflicting, satisfies ns that his ruling in this instance was correct. •
The argument of counsel would make it appear that this evidence, touching the character of this confession, was heard by the jury, that the witnesses were examined on this point before them, inasmuch as they complain that the ruling of the Judge as to the admissibility of the confession required his passing on a question of fact, and the credibility of witnesses, in presence of the jury, to the prejudice of the accused. The Record does not show that the witnesses testified touching this confession in the presence of the jury, and if they did, as the Judge was hound to decide the question of the admissibility of the confession, a question depending solely on the character of the confession, whether voluntary or not, we cannot well see how the effect of that ruling on the jury, though it might bear incidentally on a question of fact pertaining to the main issue, or on the credibility of witnesses, was to be avoided.
We are unable to discover any errors in the proceedings.
Judgment affirmed with costs.
Rehearing refused.