## UNITED STATES v. KALTMEYER.[*]

*(Circuit Court, E. D. Missouri. March 31, 1883.)*

1. INDICTMENT—INSTRUMENT ENTERING INTO THE GIST OF THE OFFENSE SHOULD BE SET OUT—EXCEPTIONS TO RULE.

A bill of indictment for depositing for mailing a notice of where an article for the prevention of conception may be obtained, should set out the notice, unless it cannot be copied without great inconvenience, or is so obscene as to be unfit to go upon public records.

2. SAME.

Where there is any reason for a failure to set the notice out, apparent upon the face of the papers or of the indictment, the court will consider it.

3. SAME—EVIDENCE.

Where there has been a failure, without excuse, to set the instrument out in the indictment, it will not be admissible in evidence.

4. SENDING NOTICE OF WHERE ARTICLES TO PREVENT CONCEPTION MAY BE OBTAINED—REV. ST. § 3893—DECOY LETTERS—EVIDENCE.

Whether mailing such a notice in an envelope addressed to a fictitious person, in response to a decoy letter from a detective, is an indictable offense, and whether such a notice taken from the post-office at the place to which it was addressd, by the writer of the decoy letter, is admissible in evidence against the party who sent it, at the trial of an indictment against him for depositing it in the mail, *quære*.

Indictment for depositing for mailing a notice of where an article to prevent conception could be obtained.

The notice was not set out in the indictment, and no excuse for the failure to set it forth was given. It was mailed in response to a decoy letter written by a detective, and was addressed to a fictitious person, in whose name the decoy letter was written. It was taken from the mail by the detective at the place to which it was addressed. At the trial it was offered in evidence by the government. The defendant objected to its admission, and the court rendered the following opinion:

*William H. Bliss*, for the United States.

*Thomas C. Fletcher*, for the defendant.

McCRARY, J. In the case now on trial we have given such consideration as we could to the objections to the evidence offered. The first question is one which arises independently of the provisions of the statute under which the prosecution was instituted. It is as to whether it is necessary, in a case of this character, to set out in the bill of indictment the letter or notice which, it is averred, the defendant sent through the mails in violation of the statute. In this in-

*Reported by B. F. Rex, Esq., of the St. Louis bar.

dictment the letter, which it is said amounts to a notice, under the provisions of the statute, is not set out, nor is there any reason stated in the indictment why this is not done. It is insisted, however, by the district attorney that it is not necessary to do so in a case of this character.

The general rule upon this subject is, and it has been long and well settled, that an indictment charging an offense consisting of the writing of a certain notice, paper, or instrument must set out the writing by words and figures. This is the general rule, and I know of no reason why it should not apply to a case of this character, unless it be that the instrument on which suit is brought, for some reason which appears, cannot be well spread upon the records. It has been held, and I think very properly, that if it is of a character so obscene that it ought not to go upon public records, it is sufficient to describe it with the necessary accuracy, without setting it out in the indictment. I have no doubt, either, of the correctness of the proposition that the matter may be so voluminous that it would not be necessary to set it out. For example, if a man is charged with sending through the mails a book, it is manifestly unreasonable to require that the book be set out in full, although it might be such a book as would be forbidden to be sent through the mails. There are also, doubtless, cases where the prohibited matter sent through the mails consists of pictures, drawings, and things of like character, which would be too indecent to be copied, or, if not indecent, too difficult, or, at least, too inconvenient, to copy. Wherever, in any of these cases, there is any reason apparent upon the face of the papers or the indictment why the instrument alleged to have been written and sent through the mails is not set out in the indictment, the court will, of course, always consider the reason assigned.

The general doctrine on this subject is laid down in Whart. Amer. Crim. Law very clearly on page 82 and subsequent pages. Cases which involved the consideration of written or printed matter are divided into two classes: *First.* Cases such as forging, passing counterfeit money, selling lottery tickets, sending threatening letters, libel, etc. In cases of this character the words must be fully set out. *Second.* Cases such as larceny, receiving stolen goods, etc. In cases of this character it is enough to give a brief legal description of the character and effect of the instrument. Although the instrument involved may be a written instrument, yet it is not considered necessary, in larceny, to set it out *in hæc verba;* but where the written instruments enter into the gist of the offense, as forgery, passing counterfeit money,

selling lottery tickets, sending threatening letters, libel, etc., they must be set out in words and figures. That is the general rule. Now, it is perfectly manifest to my mind that this case falls within the first class to which I have referred. It falls within the cases where the written instrument enters into the gist of the offense. This being so, then the only inquiry here is as to whether there is any reason in the character of the paper offered in evidence why it should not have been set out in the indictment.

We are unable to see any. It is a very brief letter, all written on one side of a small sheet of note paper. There is nothing in it so indecent as to make it improper to spread it upon the record. It contains no language any more indecent than that which is contained in the bill of indictment itself. It therefore falls very clearly, we think, within the rule that it ought to have been set out in the indictment. I am aware of the decision, referred to by the district attorney, of a court for which we have a very high respect,—the circuit court of the United States for the northern district of Illinois,—to the contrary of this view of the question. It is there held that if the indictment sets out the letter or notice in substance that that is sufficient. But the opinion was based upon the authority of a case in the supreme court of the United States, reported in 7 Pet. 138, (the case of the *U. S.* v. *Mills.*) I have examined that case, and I think that, so far from sustaining the proposition contended for by the district attorney, it is an authority to the contrary. They hold that the indictment in that case was sufficient, but they also expressly say that the second count in the indictment sets out this particular letter. On page 142 of the same volume the supreme court say that the instrument was set out in full, and I find nothing in the opinion that sustains the proposition that an indictment in such a case would be good without setting out the instrument. On the other hand the authorities are very numerous. We find this very question decided in the district of New York by three judges, one of whom is now upon the supreme bench of the United States, (Justice BLATCHFORD,) in an analogous case. It is true, it did not arise under the same statute, but under the statute which forbids the sending through the mails of advertisements of the lotteries, or information where lottery tickets can be had. As a matter of course it is apparent that the two statutes are substantially alike in that respect. If a man sends through the mails a notice or information advertising lottery tickets for sale at a particular place, he is indictable under the one statute. If he sends through the mails information about medicine to procure abortion, he is in-

dictable under the other statute. The question whether the indictment must set out the instrument is precisely the same in both statutes.

As a question of authority, we find that there is a decided preponderance of authority for the view which the court takes. There are other questions in this case, of importance, which have been discussed. Of course, in view of what has been said, it is not necessary now to decide them, but I will allude to them. They would probably give me some difficulty if it were necessary for me to decide them. My brother TREAT, having given them a good deal of consideration, has a very decided opinion, which he can express for himself. They are—*First*, whether a letter in answer to a decoy letter, addressed to a fictitious person, is a notice within the meaning of the statute; or, in other words, is it necessary that this letter or notice should have actually given information to some person in order to be a notice, and not merely intended to give the information?

This point is left in doubt by the ruling of Judge DILLON in the case of the *U. S.* v. *Whittier*, 5 Dill. 35. In that case, as in this, the decoy letter was written by a detective, and in an assumed name. It was not sent to the place to which it was addressed, but taken out of the post-office where it was mailed by the detective or some other person, for the purpose of entrapping the party who had written it. Judge DILLON held in that case, on both grounds, that the letter did not amount to a notice, inasmuch as it did not go to its place of destination, and that if it had gone there it would not have been delivered to anybody, inasmuch as it was addressed to a fictitious person, and not to a real person who desired the information. For these several reasons he held that it was not sufficient, and, like every good judge, he decided only what was necessary to be decided in that case. What he would have said if the letter had gone through the mail to its destination, and had there been taken out by a detective, and not by any person to whom it was addressed, does not appear.

To my mind there is great force in the suggestion that, in order to be a notice within the meaning of the statute, it must be addressed to some person, and must be in its nature such a paper as would or could give the notice. If this person is a fictitious person, and if the person receiving the letter is a person who knew beforehand all about it, then the question is whether that is notice.

I waive the question whether it ought to be a notice in some sense public in its character, although there seemed to me, at first view, to

be some force in that. Leaving that and putting it on the ground that if it gives information it is notice, the question then is, does it give information, or can it give information, when it is addressed to a fictitious person, and when it is delivered by a person who may be presumed not to desire this information, and, perhaps, has all the information beforehand? That is the question, and there would be some difficulty in my mind about it. The second question discussed is whether decoy letters used, not to detect a crime already committed, but to induce a party to commit a crime, can be offered in evidence at all. In considering this subject we must bear in mind that this court has no jurisdiction to punish this crime, infamous as it is in the eyes of every decent man; and, much as we would like to punish, we have no jurisdiction to punish any one for engaging in this business of selling or keeping for sale medicines or instruments for the prevention of conception and producing abortions. That is a crime solely within the cognizance of state tribunals, and punished only by state statutes.

The offense here is sending such matter through the mails, and that offense was not committed until it was invited by the decoy letter. It is no doubt true that when a crime has been committed, or you suspect somebody of having committed it, you may employ that method for the purpose of entrapping the offender. But, if it has not been committed, the question is whether you can entrap a man into the commission of it by that method. It may be true that, if you suspect that somebody has a disposition to commit a crime, you may write him a letter to induce him to commit it, and then offer that letter in evidence against him. When the question arises we will decide it.

Now, I have said enough, gentlemen, to indicate very clearly one theory: that those gentlemen who are engaged in the prosecution of· this class of cases are endeavoring to invoke the aid of the federal court, when they ought to go into the state courts, where, upon evidence like this, there would be no difficulty whatever.

In view of the opinion of one member of this court, if we were to come to these questions, the only result would be a certificate of division of opinion, if we did not agree in sustaining the position of defense, which would suspend the hearing of these cases until a decision could be had in the supreme court of the United States. Of course, if these cases are pressed, we will make the certificate. It seems to us, however, that this is the most difficult, roundabout, and.

inexpeditious way of suppressing this crying evil that could possibly be adopted.

We sustain the objection to the evidence offered upon the ground first named.

See *Bates* v. *U. S.* 10 FED REP. 92, and note, 97.