## UNITED STATES v. REYNOLDS.

*(District Court, D. South Carolina. November 17, 1891.)*

1. PENSIONS—ILLEGAL FEES—INDICTMENT.

Under Rev. St. U. S. § 5485, providing that any agent or attorney "or other person, instrumental in prosecuting any claim for pension," who charges or receives for his services more than the fees allowed by law, shall be guilty of a high misdemeanor, an indictment charging simply that defendant was instrumental in prosecuting a certain pension claim is sufficient to bring him within the act, without specifying in what way or capacity he was instrumental.

2. SAME.

An indictment charged that defendant was instrumental in prosecuting a claim for arrears of pension, and retained a greater compensation "than is provided for in the title pertaining to pensions, * * * to-wit, the sum of $53." *Held*, that, as this sum was greater than allowed in any case by the pension laws, it was unnecessary to state whether or not the arrears were procured after the allowance of the original pension.

3. SAME—CONFLICTING EVIDENCE.

The only testimony as to the retention of the money being that of the person entitled thereto that defendant did not pay it to her, and that of defendant that he did, the verdict of the jury cannot be disturbed.

At Law. Indictment of Thomas J. Reynolds for receiving excessive fees for procuring a pension. On motions in arrest of judgment and for a new trial. Overruled.

*Abial Lathrop*, U. S. Atty.

*Miller & Lee*, for defendant.

SIMONTON, J. The defendant was indicted for the violation of section 5485 of the Revised Statutes of the United States, and convicted. The section under which he was indicted is in these words:

"Sec. 5485. Any agent or attorney or any other person, instrumental in prosecuting any claim for pension or bounty land, who shall directly or indirectly contract for, demand, or receive or retain, any greater compensation for his services or instrumentality in prosecuting a claim for pension or bounty land than is provided in the title pertaining to pensions, or who shall wrongfully withhold from a pensioner or claimant the whole or any part of the pension or claim allowed and due such pensioner or claimant, or the land-warrant issued to any such claimant, shall be deemed guilty of a high misdemeanor, and, upon conviction thereof, shall, for every such offense, be fined not exceeding five hundred dollars, or imprisonment at hard labor not exceeding two years, or both, at the discretion of the court."

The indictment contained three counts. The first two charge, in effect, that, being instrumental in the prosecution of a claim for pension for one Sina Green, the widow of a soldier in the war of 1861, the defendant did then and there unlawfully contract for, demand, receive, and retain from said Sina Green, to whom a pension was granted under the act of congress 4th July, 1862, and an act of congress 7th June, 1888, a greater sum than is provided in the title pertaining to pensions. The first count charged that his said compensation fixed by him was greater than the sum of $25. The second count, that it was greater than $10. The third count charges that he was instrumental in prosecuting a claim for arrears of pension for Sina Green, widow of a soldier, etc., and "did then and

there unlawfully contract for, demand, receive, and retain from the said Sina Green, to whom a pension for arrears of pension was granted under an act of congress " 7th June, 1888, " a greater compensation for his services and instrumentality in prosecuting the said claim of the said Sina, as the widow, etc., than is provided in the title pertaining to pensions; that is to say, a compensation, to-wit, the sum of fifty-three dollars, for his services and instrumentality in prosecuting said claim, contrary," etc.

The motion in arrest of judgment is based on two grounds: (1) Because they state that defendant was instrumental in getting the claim, but do not state in what capacity or in what way he was instrumental. The precise question was made in *U. S.* v. *Koch*, 21 Fed. Rep. 873, before BREWER, J., and overruled. I concur in this conclusion. (2) Because the counts are fatally defective in that they are drawn without the use of the exact and material words of the special section of the statutes under which the charge is made. The language of these counts is that of section 5485. No rule is more familiar than that an indictment for a statutory offense may, in charging the offense, merely use the language of the statute. *U. S.* v. *Mills*, 7 Pet. 138; *U. S.* v. *Britton*, 107 U. S. 661, 2 Sup. Ct. Rep. 512. In *U. S.* v. *Wilson*, 29 Fed. Rep. 286, a similar objection was made to an indictment, on grounds somewhat stronger than in this case, and it was overruled.

(3) Another objection is to the third count of the indictment, in that it does not charge that the arrears of pension therein mentioned was obtained and allowed subsequent to the allowance of the original pension. If this count charged as an offense that the defendant made a charge for obtaining the arrears of pension, this objection would hold, because no charge in many instances can be made simply for obtaining arrears of pension. But this is not the charge. The *gravamen* is that he retained and received a greater compensation than that provided in the title pertaining to pensions, a compensation, to-wit, of $53. This brings up these issues: Was he instrumental in getting for Sina Green the arrears of pension under the act of congress stated? Did he receive and retain as compensation therefor the sum of $53? If so, he has violated the section, whether the lawful compensation be $25, or $10, or nothing. The motion in arrest of judgment is refused.

The motion for new trial goes to all the counts and the evidence upon them. There is no evidence that defendant was ever instrumental in getting a pension for Sina Green under the act of 1881, as charged in the first two counts of the indictment. The verdict, if it be sustained, must be on the third count. There can be no doubt that section 5485 deals with two offenses in a person employed as agent or attorney, or who is instrumental in obtaining a pension. One is the obtaining compensation greater than that allowed by law, either by contracting for it, demanding it, receiving it, or retaining it. *U, S.* v. *Brown*, 40 Fed. Rep. 458. The other is withholding it under any other pretense or without pretense. The count charged that the money was claimed or retained as compensation. Unless there was evidence to sustain that, there must be

a new trial; not that this evidence should seem conclusive to the presiding judge, nor even that the preponderance of evidence in his opinion should support the verdict; but was there enough evidence, if the jury believed it, to sustain the verdict? The testimony disclosed these facts: Sina Green was granted arrears of pension,—so much as widow of a soldier, and so much as the mother of a soldier's child. She consulted with the defendant, and he was instrumental in getting the arrears for her. The letter inclosing her check came to his care, and he got it from the post-office. Sending for her, he opened the letter in her presence, and took out the check. She indorsed it in his presence. Somehow she was under the impression that her child was entitled to a part of the money. There is no evidence whatever that she got this impression from defendant. She asked the defendant to ascertain "what was Flora's share," and finally she instructed him to have the check cashed, and to deposit the rest for her in bank, with the exception of a sum she wanted in hand. The check was for some $612. The defendant took out $190, and deposited the remainder, less the discount on the check. With this $190 we have to deal. Out of it he gave Sina's husband, as directed, $50. He charged $10 for services and $10 more for money advanced for expenses, and says that he gave Flora, the daughter of Sina, $120. Here arises a conflict of testimony. Flora says that he gave her but $87. The jury were carefully instructed at this point. They were told that the case turned on the disposition of the $120. If he paid it to Flora, as he said, this ended the matter, and they must acquit. If, however, they believed that he did not pay her more than $87, yet, if he *bona fide* allotted to her in his discretion the $120 as her share, and had withheld it from her as a loan, or without any intention of repaying her, they could not convict him in this indictment; that to do this they must believe that he retained the money as an indirect way of obtaining larger compensation. If it was thus retained by way of compensation, he was guilty. The verdict of the jury solved the conflict in the evidence, and was responsive to this last question. The evidence of Flora contradicted that of the defendant. This was the only evidence on this crucial point.

The motion is refused.