## UNITED STATES v. MacDONALD et al.

(District Court, E. D. Missouri, E. D.	November 14, 1894.)

No. 3,864.

CRIMINAL PLEADING — SUFFICIENCY OF INDICTMENT — SECTION 3894, REV. ST. U. S.

An indictment for violation of section 3894, Rev. St. U. S., imposing a penalty for depositing, in the mail, matter concerning a lottery, gift concert, or other similar enterprise which does not set out in its charging part, with particularity, distinctness, and completeness, the scheme in the carrying out of which such matter was deposited in the mail, is fatally defective.

This was an indictment against one MacDonald and others for a violation of section 3894, Rev. St. U. S. Defendants demur to the indictment.

Wm. H. Clopton, U. S. Atty.

Elisha Whittlesay, Chester H. Krum, and L. S. Metcalf, for defendants.

PRIEST, District Judge (orally). My time has been so occupied, I have had no opportunity to reduce to writing my views of the indictment. Defendants demurred to the indictment against them under section 3894, Rev. St. U. S., as amended. This statute excludes from the mails all matter concerning any lottery, gift concert, or other similar enterprise offering prizes dependent upon chance, and, having condemned all such matter as unmailable, imposes a penalty upon any person who shall knowingly deposit, or cause to be deposited, send, or cause to be sent, any such prohibited matter in or by the mail. The indictment contains three counts, which are not essentially different in their structure; except the second and third set forth in haec verba the letters or circulars which it is charged were sent by defendants through the mail. The first count charges the defendants with depositing, or causing to be deposited and sent, through the mails, divers letters and circulars concerning a lottery, to wit, the Guaranty Investment Company. The other counts are the same in form and substance, with the exception just noted. The defendants insist that the terms of the indictment, to withstand assault, must declare with particularity, distinctness, and completeness the scheme in the carrying out of which the letters or circulars were deposited in the mail, in order that they may know and the court may determine for itself whether the scheme was in fact, as well as in the judgment of the pleader, a lottery or gift concert, or in the nature of either. This contention, referring to the elementary and well-understood rules of criminal pleading, seems to the court to be well taken. Congress has enacted that certain matter which, in its judgment, has a tendency to corrupt public morals, shall be prohibited the use of the mails, and, in order to enforce these regulations, has imposed a penalty upon any person depositing such condemned matter in the post office, or causing it to be transmitted

through the mails. The gist of the offense is in the character of the scheme, coupled with the fact of mailing letters having reference to or concerning such a scheme. If the scheme be that of a lottery or in the nature of a gift concert, and that scheme be established at the hearing, any letter, however innocent upon its face, which the accused may deposit concerning that enterprise, would make a complete offense, and entitle the government to insist upon a conviction. The indictment, therefore, must clearly describe, in the opinion of the court, the character of the scheme, so that the court may know that the matter mailed related to that scheme which falls within the condemnation of the act of congress.

While it is conceded by the government, in this case, that neither count of the indictment, in its charging part, sets forth with particularity the elements which constitute the unlawful scheme, yet it is contended that in describing the letter which was mailed concerning the scheme, the letter having been set forth in full, it shows that the scheme was that of a lottery. That contention the court does not believe to be sustained by the authorities. The indictment is perhaps unnecessarily full and particular in describing the letter which was mailed concerning the scheme, but the pleader has no right to draw upon an exhibit concerning that element of the case, and insist that he can borrow from that sufficient material to supply the defect in the charging part of the indictment. Mr. Wharton, in his work on Criminal Procedure (section 323), speaking with reference to the element of certainty in an indictment, and after defining the different degrees of certainty, and stating that that of a middle certainty is all that is required in indictments, says that "the" middle certainty is not very distinctly defined in the books; yet the adjudications on points relating to it are multitudinous. An attempted definition is: As a rule for the indictment, it is that every fact in law essential to the punishment shall be plainly and directly stated, in terms sufficiently minute and technical to identify the offense and the offender, disclosing prima facie guilt, but not necessarily anticipating any defense. Thus, the omission of any fact or circumstance necessary to the constitution of the offense—in other words, made by law essential to the punishment—renders the indictment bad. Again, if it is equivocal what is meant,—as if the allegation is that the defendant did one or the other of two criminal things, or the language may be equally well construed to charge a civil wrong as a criminal one,—it is insufficient. Moreover, it must be direct and positive; as, if it states the facts as a mere legal conclusion from other facts alleged, or as a "belief" of the alleged party, it will be inadequate. And it must be sufficiently specific and descend sufficiently into detail to define the particular offense, transaction, and thing; in other words, to render them certain. No general words can inform the reader how specific and how much in detail it must be; this is matter to be gathered from the minuter discussions which will follow in their various appropriate places throughout these volumes, and from one's general reading of the cases.

A much more persuasive and binding authority upon this court

in this matter, and which I cannot disregard, is the opinion of the supreme court in the case of U. S. v. Cruikshank, 92 U. S. 557, wherein the court say:

"In criminal cases, prosecuted under the laws of the United States, the accused has the constitutional right 'to be informed of the nature and cause of the accusation.' * * * In U. S. v. Mills, 7 Pet. 142, this was construed to mean that the indictment must set forth the offense 'with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged'; and in U. S. v. Cook, 17 Wall. 174, that 'every ingredient of which the offense is composed must be accurately and clearly alleged.' It is an elementary principle of criminal pleading that where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species,—it must descend to particulars. * * * The object of the indictment is—First, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances."

So, in this case, the scheme which the government alleges to be a lottery should be set forth with particularity, in order to enable the court to judge whether it is in fact a lottery or not; and, further, to enable the defendant, if arranged subsequently for this offense, to say that "the particular scheme which is set forth in the indictment and shown upon the record is the identical one for which I was formerly put in jeopardy; and therefore I plead it as a bar against the charge." I will sustain the demurrer.