[No. 1134, August 29, 1906.]

TERRITORY OF NEW MEXICO, Appellant, v. FRANK A. HUBBELL, Appellee.

### SYLLABUS.

In indictments for the obtaining of money by false pretenses, the indictment must allege the ownership of the property, unless there is some legal excuse stated in the indictment for omitting such allegation.

Error to district court of Bernalillo county, before IRA A. ABBOTT, Associate Justice. Affirmed.

F. W. CLANCY and WILLIAM C. REID. for appellant.

Various objections were urged to the indictment, but it is believed that only one of them requires any consideration by counsel on this appeal, that being the one upon which, as we understand, the indictment was quashed. That objection is that the indictment while it charges that the defendant feloniously and with intent to defraud by means of the false pretenses set forth in the accounts, obtained from the county of Bernalillo the three sums of six hundred and seventy-five dollars each, does not in terms allege that those dollars were the property of the county of Bernalillo.

The statute under which the indictment was drawn, is to be found in Section 1131 of the Compiled Laws of 1897, and so much of it as is material, is as follows:

"If any person shall designedly, by any false pretense, or by any privy or false token, and with intent to defraud, obtain from any other person any money or goods, wares, or merchandise or other property * * * he shall be punished by imprisonment, etc."

Sections 68, 79, 1115, 1122, 1125 and 1133 of the Compiled Laws of 1897.

This is a question which has never been passed upon, in this court in New Mexico, and the court is free, if it sees fit to do so, to disregard precedents and pass upon the sufficiency of this indictment upon principle and sound reasoning, without regard to narrow technicalities

or artificial strictures of· construction as to criminal pleadings.

> State v. Boon, 49 N. C., 463; People v.
> Skidmore, 123 Cal. 267; State v. Knowlton,
> 11 Wash. 512; State v. Balliet, 63 Kan. 707.

WILLIAM B. CHILDERS, for appellee.

The principles enunciated by the supreme court of the United States as to what is necessary to make a good indictment, under the constitution and the common law, and where the offense is statutory, absolutely settles this proposition against the appellant. It is not necessary to quote at length from them.

> United States v. Cruikshank, 92 U. S.
> 542; United States v. Simmons, 96 Id. 360;
> Commonwealth v. Bean, 11 Id. 414; Commonwealth v. Bean, 14 Gray (Mass.) 52;
> Commonwealth v. Filburn, 119 Mass. 297;
> See, 3 Syllabus, Dig. U. S.; Reports, U. S.
> v. Carroll, p. 4115, and 10 Rose Notes, 363.

See also the following authorities on this particular crime:

> 1 McClain's Crim. Law, Sec. 698, 699,
> 702; 2 Wharton's Crim. Law, Sec. 1223; State
> v. Blizzard (Md.) 17 Atlantic 271; Monlie v.
> State (Fla.) 20 Southern 554; Kennedy v.
> State, 34 Ohio St. 318; Cain v. State, 22 S.
> W. 954; State v. McChesney, 90 Mo. 121;
> State v. Hohn, 93 Mo. 190.

"It is not enough to allege the making of the false pretense, and the obtaining of the property by the defendant, but it must be specifically charged that the other party was induced to part with his property by reason of such pretenses, being deceived thereby * *"

> 1 McClain's Crim. Law, Sec. 684; 2 Bishop on Criminal Pro. Sec. 174.

As to the necessity for allegations of deception see the following comparatively recent cases:

> Commonwealth v. Dunleavy (Mass.) 26
> N. E. 870; State v. Cameron, 22 S. W. 1024
> (Mo.); State v. Raynolds, 17 S. W. 322

Territory v. Hubbell.

(Mo.); State v. Cain, 23 S. W. 763 (Mo.);
State v. Terry, 19 S. W. 207 (Mo.).

### REPLY BRIEF.

The indictment alleges that the money was obtained
from the county, which necessarily shows the ownership
because, under our system, the county cannot be in pos-
session of any money which does not belong to it.

As to the, necessity of alleging in terms that, the
county commissioners were deceived by the false' accounts.

19 Cyc. 430 and Notes; 8 Ency. Pl. &
Pr. 872 and Notes; 1 Wharton's Precedents,
No. 528 and Note d; also Nos. 532 to
536; Bishop's Directions and Forms, Secs.
418 to 428.

### STATEMENT OF FACTS.

The record discloses that on September 29th, 1905,
the grand jury of Bernalillo county returned an indict-
ment against the appellee charging him with having ob-
tained money under false pretenses from the county of
Bernalillo. The indictment contains three counts which
are substantially similar, except that each of them charges
that a separate offense was committed on different days,
to-wit: April 1st, 1901, January 6th, 1902 and October
5th, 1902.

The defendant demurred to and filed a motion to
quash the indictment, and thereafter the demurrer was
sustained, and the motion to quash granted and the de-
fendant discharged, upon the ground that the indictment
fails to state the ownership of the property alleged to
have been obtained by defendant.

### OPINION OF THE COURT.

MILLS, C. J.—The appeal in this case is brought by
the Territory, plaintiff below, under the provision of Sec.
3,411, Compiled Laws of 1897, which allows a prosecut-
ing attorney to appeal to the supreme court if he so de-
sires when an indictment is quashed or judged insufficient
on demurrer.

The demurrer contains four grounds the last of which that "the indictment fails to state the ownership of the property" being the one on which the trial court based its decision sustaining the demurrer.

Each of the counts charged that the appellee did present a certain account to the board of county commissioners of Bernalillo county, with intent to defraud and did "obtain from the said county of Bernalillo, the sum of six hundred and seventy-five dollars," but it nowhere alleges that the money so obtained belonged to or was the property of the county of Bernalillo.

Appellant in his brief says that: "It must be admitted that under statutes similar to ours with regard to false pretenses, the great weight of authority is that 'an indictment which charges the obtaining of money by false pretenses, is fatally defective if it does not distinctly set out the ownership of the money.'" We agree with this statement of counsel for appellant.

In United States v. Cruikshank, et al., 92 U. S., 557, the supreme court of the United States, says: "In criminal cases, prosecuted under the laws of the United States, the accused has the constitutional right 'to be informed of the nature and cause of the accusation.'" Amend VI. In United States v. Mills, 7 Pet. 142, this was construed to mean, that the indictment must set forth the offense "with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged;" and in United States v. Cook, 17 Wall. 174 that "every ingredient of which the offence is composed must be accurately and 'clearly alleged.'"

It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law, or by statute, "includes generic terms," "it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species; it must descend to particulars." L. Arch. Cr. Pr. and Pl. 291. The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the

Territory v. Hubbell.

same cause; and second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; these must be set forth in the indictment with reasonable particularity of time, place and circumstances."

The indictment in this case was brought under Sec. 1,131, Compiled Laws of 1897, and while there is nothing in the statute as to the ownership of the property, it is not unnecessary to aver such ownership. The statute "includes generic terms."

In indictments for the obtaining of money by false pretenses, the indictment must allege the ownership of the property, unless there is some legal excuse stated in the indictment, for omitting such allegation, 2 Bishop Crim. Pro. 3175; 8 E. P. & P., p. 877.

It is needless to pursue the argument further. The conclusion is irresistible, that the counts are too vague and general in not stating the ownership of the money alleged to have been obtained by false pretenses, no legal excuse being stated in the indictment for the omission. The counts lack the certainty and precision required by the established rules of criminal pleading. It follows that they are not good and sufficient in law, and the judgment of the lower court is therefore affirmed, and it is so ordered.

Frank W. Parker, A. J., John R. McFie, A. J., Edward A. Mann, A. J., concur.

Abbott, A. J., having tried the case below took no part in this decision, nor did Pope, A .J., who was absent when this opinion was handed down.