UNITED STATES of America
v.
Emil Leonard BORRELLI.*

Crim. No. 21056.

United States District Court
E. D. Pennsylvania.

May 28, 1963.

Drew J. T. O'Keefe, U. S. Atty., Thomas F. McBride, U. S. Dept. of Justice, Philadelphia, Pa., for United States of America.

Irving W. Coleman, Northampton, Pa., for Emil Leonard Borrelli.

James M. Potter, Reading, Pa., for Dominic Mascheri, Carl J. Bartholomew and Harry J. Leonti.

KRAFT, District Judge.

The defendants were charged by separate indictments with the crime of perjury, as defined in 18 U.S.C. § 1621 [1].

* Together with No. 21058, United States v. Mascheri; No. 21059, United States v. Bartholomew; No. 21060, United States v. Leonti.

[1] "Perjury generally.
"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United

They filed motions to dismiss and motions for a bill of particulars. The motions to dismiss raise a common question, variously phrased, which we think dispositive of the motions, and it will be unnecessary, therefore, to consider other questions.

Each indictment read in material part as follows:

"[t]he defendant herein, having taken an oath before a competent tribunal that he would testify truly in a case in which a law of the United States authorizes an oath to be administered, did unlawfully, wilfully, and knowingly, and contrary to said oath, state material matter which he did not believe to be true, that is to say:

"2. That at the time and place aforesaid the Grand Jury of the United States, duly empaneled and sworn in the United States District Court for the Eastern District of Pennsylvania was inquiring into alleged violations of Sections 1952 and 371 of Title 18, United States Code."

■■ Basic among the elements of the crime defined by 18 U.S.C. § 1621 is the taking of an oath before a *competent* tribunal, officer, or person to testify truly. The actual identity of the tribunal, officer, or person, therefore, is central to every prosecution under this statute. Yet these indictments nowhere identify or particularize the tribunal which administered the oaths. They clearly do not charge that the defendants took the respective oaths before the grand jury. It was not sufficient in this situation that the indictments charged the offense in the same general terms as the statute.

We think the case is ruled in principle by Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). That case held that in a prosecution under 2 U.S.C. § 192, which makes it a misdemeanor for any person summoned to testify before a committee of Congress to refuse to answer "any question pertinent to the question under inquiry", the indictment must identify the question which was under inquiry at the time of the defendant's alleged default or refusal to answer, *as found by the grand jury*. The Court cited and applied, inter alia, the principles stated in its opinion in United States v. Cruikshank, 92 U.S. 542 (1875), at pp. 557, 558, 23 L.Ed. 588:

"In criminal cases, prosecuted under the laws of the United States, the accused has the constitutional right 'to be informed of the nature and cause of the accusation.' Amend. VI. In United States v. Mills, 7 Pet. 138, 142, 8 L.Ed. 636, this was construed to mean, that the indictment must set forth the offence 'with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged;' and in United States v. Cook, 17 Wall. 168, 174, that 'every ingredient of which the offence is composed must be accurately and clearly alleged.' It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars. 1 Arch.Cr. Pr. and Pl., 291. The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defence, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the

States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both."

court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances."

We conclude that the indictments in these cases, as in Russell, supra, are fatally defective. The deficiencies cannot be cured by bills of particulars. As pointed out in Russell, at p. 770 of 369 U.S., at p. 1050 of 82 S.Ct., it is the settled rule that a bill of particulars cannot save an invalid indictment, and for the reason there stated.

Accordingly, we will enter an order in each case dismissing the indictment.