WINDOW ROCK DISTRICT COURT

October 18, 1983

No. WR-CR-1682-81

THE NAVAJO NATION, Plaintiff, v.

BENSON LEE, Defendant.

Honorable Tom Tso, Judge presiding.


The foregoing opinion is late by (2) two years because the case was indavertently misplaced within the office and was recently found. The Court apologizes for the delay.

## STATEMENT OF THE CASE

This is a criminal case in which the defendant is charged with the offense of threatening in violation of 17 N.T.C. Sec. 310. The complaint correctly cites the applicable code section and goes on to indicate the offense was committed one mile south on Navajo Routh 12, Navajo, New Mexico and that the facts of the offense were as follows:

> "He threatened by word and conduct to cause physical injury to the person of another namely, Mailman, Adrain Police Officer, Navajo Division of Public Safety, Window Rock, Arizona." (Sic.)

(The signature on the complaint makes it clear the assault was not on a mailman but upon Officer Adrian Mailman).

The applicable portions of the statute which fit the factual allegations of the complaint would be:

> "A person commits threatening if he or she threatens by word or conduct to cause physical injury to the person of another..."

> (1) With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person;"
> 17 N.T.C. Sec. 310.

The defendant complains that the complaint was so ambiguous as to not give the defendant fair notice of the charge against him. The prosecution responds by asserting the complaint sufficiently describes the offense.

The legal issue is joined on the question of the adequacy of the complaint.

## THE CONSTITUTIONAL STANDARD

Since the Constitution of the United States is not applicable to

Indian Nations, the source of the "constitutional" right of defendant to "be informed of the nature and cause of the accusation" is the Navajo Bill of Rights 1 N.T.C. Sec. 6, and the 1968 Indian Civil Rights Act, 25 U.S.C. Sec. 1302(6). The standard contained in those statutes is the same as that of the Sixth Amendment to the Constitution of the United States. Therefore we may look to prior Federal court interpretations of that article for guidance as to the application of the Navajo Bill of Rights and the Indian Bill of Rights.

The first United States Supreme Court discussion of this particular part of the Sixth Amendment is contained in an 1833 decision, where the court stated "the offense must be set forth with clearness, and all necessary certainty, to apprise the accused of the crime with which he stands charged." United States vs. Mills, 7 Pet. 138, 8 L.Ed. 636 (1833). Later, in 1896, the Court stated:

> "A defendant is informed of the nature and cause of the accusation against him if the indictment contains such description of the offense charged as will enable him to make his defense and to plead the judgment in bar of any further prosecution for the same crime." Rosen v. United States, 161 U.S. 29, 40 L.E. 606 (1996).

There are two legal standards developed by these cases. The first is geared to giving the defendant a fair opportunity to prepare for trial and assist in his defense, and the second is designed to give the defense of double jeopardy meaning. If the complaint is specific as to the offense, time, place and facts, an acquittal on the offense charged can be used to prevent a future prosecution.

The constitutional right we are speaking of came from a time where there was no discovery in criminal cases and no "open file" practice by prosecutors as there is today in many jurisdictions. The purpose of the constitutional standard was to give criminal defendants enough information for a defense and to prevent surprises at trial. Therefore the constitutional standard calls upon prosecutors to prepare complaints which allege the basic parts of the statute creating the crime and sufficient facts fitting within the statute to enable the defendant and his defense attorney to prepare their case. A complaint which does not allege all the basic parts of the statute creating the crime is inadequate on its fact and therefore defective and subject to a dismissal as is the case in this matter.

## O R D E R

Therefore, it is HEREBY ORDERED that the complaint against the Defendant be and is hereby dismissed on being defective.

It is FURTHER ORDERED that the cash bond of $100.00 posted by the Defendant be returned to him immediately.

SO ORDERED.