The State v. Sparks.

———————◆———————

No. 9734.

THE STATE v. SPARKS.

CRIMINAL LAW.—*Suffering Escape of Prisoner.—Indictment.— Warrant.—* Where an officer, whose duty it is to have the custody of a prisoner charged with or convicted of an offence against a law of this State, negligently suffers such prisoner to escape out of his custody, the offence of such officer is a misdemeanor, punishable by fine only. But the inapt use of the adverb " feloniously," in the description of the offence, furnishes no ground for quashing the indictment; nor was it necessary to the sufficiency of the indictment that it should charge that the officer had the prisoner in his custody by virtue of a sufficient warrant, or that it should set out a copy of the warrant.

From the Jackson Circuit Court.

*D. P. Baldwin,* Attorney General, *F. L. Prow,* Prosecuting Attorney, and *W. W. Thornton,* for the State.

*J. H. Nixon,* for appellee.

HOWK, J.—The only question for the decision of this court in this case is this: Did the circuit court err in sustaining the appellee's motion to quash the indictment herein? Omitting merely formal and introductory matters, the indictment charged in substance, " that George Sparks, on the first day of April, 1881, at said county and State aforesaid, said George Sparks being then and there a constable in and for Carr township, in said county and State aforesaid, and an officer whose duty it was to have the custody of prisoners charged with or convicted of any offence against any law of the said State of Indiana, and, as such constable, then and there having one Virgil Wilson a prisoner in his, the said George Sparks' custody, for the offence of riot, before conviction therefor, with which said offence the said Virgil Wilson was then and there charged, and which said charge of riot against said Virgil Wilson being then and there pending and coming on for trial before Noah S. Weddle, a justice of the peace in and for Carr township, in said county and State aforesaid, did then and there feloniously, unlawfully, corruptly and negligently suffer and permit the said Virgil Wilson then and there to escape out of his, the said George Sparks' custody, and to go at large, contrary to the form of the statute," etc.

It is manifest, from the language of this indictment, that it was intended therein and thereby to charge the appellee, George Sparks, with the commission of the misdemeanor which is defined, and its punishment prescribed, in section 43 of the misdemeanor act of June 14th, 1852. This section 43 reads as follows:

" Sec. 43. If any officer, whose duty it may be to have the custody of prisoners, charged with or convicted of any offence against any law of this State, shall negligently suffer any such prisoner to escape out of his custody, he shall be fined not exceeding $10,000." 2 R. S. 1876, p. 474.

We have no brief from the appellee or his counsel, in this court; and the attorneys of the State have not, in their brief of this cause, indicated the grounds upon which the circuit court quashed the indictment. In drafting the indictment, the prosecuting attorney has used the adverb "feloniously," as qualifying the acts done by the appellee, which constitute the offence intended to be charged. This adverb is properly used in describing felonies, but it is inaptly used in describing an offence which the law of this State declares to be a misdemeanor, and nothing more. But the improper use of this adverb, in the indictment in this case, was at most mere surplusage, and would furnish no sufficient ground for quashing the indictment.

We can conceive of no cause or reason which may have induced the circuit court to quash the indictment, unless it be that it failed to charge that the appellee, as constable, had the prisoner named in his custody by virtue of a sufficient warrant, and to set out the warrant. Such a charge would have been proper enough if the facts had warranted it; but the omission of this charge will afford no sufficient ground for quashing the indictment. The courts of this State must know, and take notice thereof without an averment, that under the law a riot is a public offence, of which a justice of the peace may have jurisdiction, and that a constable may lawfully have the custody, even without a warrant, of a prisoner charged with this offence. The indictment now under consideration, the substance of which we have given, is a substantial copy of the form of an indictment, in such case, as given in Archbold Crim. Pl. & Ev., 10th Lond. ed., 550, 551, in 2 Bishop Crim. Procedure, section 941, and in Moore's Crim. Law, Indiana, p. 758, section 717.

We are of the opinion, for the reasons given, that the circuit court erred in quashing the indictment.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to overrule the motion to quash the indictment, and for further proceedings.