## DAVEY v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 15, 1913.)

No. 1,876.

1. INDICTMENT AND INFORMATION (§ 119\*)—REQUISITES OF OFFENSE—FELONIOUSLY—SURPLUSAGE.

In framing an indictment under a statute, the allegation of the crime should bring the accused clearly and precisely within it, but, that having been done, an unnecessary description of the manner in which the crime was committed will not vitiate the indictment, and hence an allegation that defendant "feloniously" endeavored to influence, intimidate, or impede a witness was surplusage.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 311–314; Dec. Dig. § 119.\*]

2. INDICTMENT AND INFORMATION (§ 83\*)—PRINCIPAL AND ACCESSORY.

Cr. Code, § 135 (Act March 4, 1909, c. 321, 35 Stat. 1113 [U. S. Comp. St. Supp. 1911, p. 1628]), provides that whoever corruptly or by threats or force shall endeavor to influence, intimidate, or impede any witness in any court of the United States shall be fined, etc., and section 322 declares that whoever directly commits any act constituting an offense defined in any law of the United States or aids, abets, or procures its commission is a principal. *Held* that, where counts of an indictment against accused charged him with aiding, abetting, counseling, and procuring the bribing of a witness, they were not fatally defective for failure to charge him directly as a principal.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 226; Dec. Dig. § 83.\*]

3. OBSTRUCTING JUSTICE (§ 11*)—INTIMIDATION OF WITNESS—INDICTMENT—
   MATERIAL WITNESS.
   Where an indictment for aiding and abetting the bribing of a witness
   alleged that the person intended to be bribed was a witness in a case then
   and there pending in the District Court of the United States for the Dis-
   trict of Indiana entitled, etc., and that he was then and there a material
   and important witness for the United States in such case, it sufficiently
   alleged that the court had jurisdiction over the cause and that the per-
   son was a witness.
   [Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. §§ 19–
   28; Dec. Dig. § 11.*]

4. OBSTRUCTING JUSTICE (§ 4*)—INTIMIDATION OF WITNESS—BRIBERY—GRAND
   JURY.
   The grand jury being an integral part of the court, an attempt to bribe
   or corrupt a witness before the grand jury is an offense against the
   United States within Cr. Code, § 135 (Act March 4, 1909, c. 321, 35 Stat.
   1113 [U. S. Comp. St. Supp. 1911, p. 1628]), providing that whoever cor-
   ruptly or by threats, force, etc., shall endeavor to influence, intimidate, or
   impede any witness in any court of the United States shall be punished,
   etc.
   [Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 13;
   Dec. Dig. § 4.*]

5. OBSTRUCTING JUSTICE (§ 19*)—TRIAL—VERDICT—CONSISTENCY.
   Cr. Code, § 135 (Act March 4, 1909, c. 321, 35 Stat. 1113 [U. S. Comp.
   St. Supp. 1911, p. 1628]), provides that whoever corruptly or by threats
   or force, etc., shall influence, intimidate, or impede any witness in any
   court of the United States, etc., shall be fined or imprisoned, and section
   322 declares that whoever directly commits any act constituting an of-
   fense defined in any law of the United States or aids, abets, counsels or
   commands, induces, or procures its commission is a principal. *Held* that,
   where an indictment charged accused with corruptly endeavoring to in-
   fluence a witness by paying him $100 to disregard a subpœna and absent
   himself from a grand jury investigation and by paying the same witness
   $20 to absent himself from a trial in the United States District Court
   and in other counts alleging that accused unlawfully, etc., aided and abet-
   ted another in bribing the same witness for the same purposes, a verdict
   acquitting accused of the first charge and finding him guilty of the sec-
   ond was not inconsistent with itself in that it acquitted him of being a
   principal in the misdemeanor and found him guilty as an accessory, when
   by section 322 an accessory is made a principal.
   [Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 33;
   Dec. Dig. § 19.*]

In Error to the District Court of the United States for the District
of Indiana; Albert B. Anderson, Judge.

Charles A. Davey was convicted of endeavoring to influence, in-
timidate, and impede a witness, and he brings error. Affirmed.

The writ of error in this case seeks to reverse a judgment of the District
Court of the United States, by which plaintiff in error was sentenced to im-
prisonment in the penitentiary and to pay a fine. The judgment was ren-
dered upon a verdict of the trial court on the fifth, sixth, seventh, and eighth
counts of a consolidated indictment charging the plaintiff in error with en-
deavoring to influence, intimidate, and impede a witness. The sections of
the Criminal Code involved are:

Section 135: "Whoever corruptly, or by threats or force, or by any threat-
ening letter or communication, shall endeavor to influence, intimidate, or im-
pede any witness, in any court of the United States or before any United
States Commissioner or officer acting as such commissioner, or any grand or

petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States Commissioner, or officer acting as such commissioner, in the discharge of his duty, or who corruptly or by threats or force, or by any threatening letter or communication, shall influence, obstruct, or impede, or endeavor to influence, obstruct, or impede, the due administration of justice therein, shall be fined not more than one thousand dollars, or imprisoned not more than one year, or both."

Section 322: "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

Two indictments were returned by the grand jury. The first contained four counts charging Davey with corruptly endeavoring to influence a witness named McMillen by paying him $100 to disregard a subpœna and absent himself from a grand jury investigation and by paying the same witness $20 to absent himself from a trial in the United States District Court.

The second indictment also contained four counts and charged that Davey "unlawfully, knowingly, feloniously, corruptly, and with corrupt intent aided and abetted" one Walker in bribing the same witness for the same purposes mentioned in the first indictment.

The order of consolidation provided that the counts in the indictment should be numbered 1 to 4, inclusive, and the four counts in the second indictment should be numbered 5 to 8, inclusive, in the consolidated indictment.

The fifth count charged "that Richard E. Walker * * * unlawfully, knowingly, feloniously, corruptly, and with corrupt intent did then and there endeavor to influence Melvin McMillen, a witness in a case then and there pending in the District Court of the United States, * * * to refuse, fail, and neglect to appear and testify as a witness in * * * said case; * * * and that Charles A. Davey unlawfully, knowingly, feloniously, corruptly, and with corrupt intent did then and there aid, abet, counsel, command, induce, and procure the said Richard E. Walker * * * to endeavor to influence the said * * * witness," etc.

The sixth count charged "that Richard E. Walker [with like intent] did then and there advise, induce, persuade, and influence Melvin McMillen, in a case there pending in the District Court of the United States, * * * to refuse, fail, and neglect to appear and testify as a witness in said * * * case; * * * and he (the said Melvin McMillen) * * * did not testify as a witness in said case; and he (the said Richard E. Walker) unlawfully, knowingly, feloniously," etc., "did then and there and thereby obstruct and impede the due administration of justice in said case then and there pending in said District Court; and * * * that Charles A. Davey did then and there [with like intent] * * * aid, abet, counsel, command, induce, and procure the said Richard E. Walker" to so obstruct and impede the due administration of justice in the case then pending in the District Court of the United States.

The seventh count charged that "Richard E. Walker [with like intent] did then and there endeavor to influence Melvin McMillen, a witness in a matter under investigation by the United States grand jury, * * * to refuse, fail, and neglect to appear and testify as a witness * * * before the grand jury; * * * that he (the said McMillen) had been duly and legally served with a subpœna duly and legally issued under the laws of the United States * * * to appear in said District Court of the United States before said grand jury; * * * and that Charles A. Davey [with like intent] did then and there * * * aid, abet, counsel, command, induce, and procure the said Richard E. Walker to * * * endeavor to influence said witness," etc.

The eighth count charged "that Richard E. Walker [with like intent] did then and there endeavor to influence Melvin McMillen, a witness in a case pending in the District Court of the United States, * * * which said charge was to be investigated by the United States grand jury, * * * to refuse, fail, and neglect to appear and testify as a witness in said District Court aforesaid, before said grand jury; * * * and that Charles A.

Davey * * * [with like intent] did aid, abet, counsel, command, induce, and procure the said Richard E. Walker as aforesaid to [with like intent] obstruct and impede the due administration of justice," etc.

The verdict of the jury found the plaintiff in error not guilty as charged in counts 1, 2, 3, and 4 of the consolidated indictment and guilty as charged in counts 5, 6, 7, and 8 thereof.

The evidence is not preserved in the record, and the only error relied upon for a reversal of the judgment is the overruling by the trial judge of the motion in arrest of judgment.

Frank S. Roby and Ward H. Watson, both of Indianapolis, Ind. (Chas. P. Drummond, of South Bend, Ind., Sol. H. Esarey and Elias D. Salsbury, both of Indianapolis, Ind., and Wm. Leavitt, of counsel), for plaintiff in error.

Charles W. Miller, U. S. Atty., and Clarence W. Nichols, Asst. U. S. Atty., both of Indianapolis, Ind. (Rowland Evans, of Indianapolis, Ind., of counsel), for the United States.

Before BAKER and KOHLSAAT, Circuit Judges, and CARPENTER, District Judge.

CARPENTER, District Judge (after stating the facts as above). It is urged that the offense defined by section 135 is a misdemeanor, and that the statement in the indictment that the plaintiff in error acted "feloniously" took the charge out of the terms of the law.

[1] In framing an indictment under a statute, the definition of the crime should bring the accused clearly and precisely within it, but, that having been done, an unnecessary description of the manner in which the crime was committed will not vitiate the indictment. The use of the word "feloniously" at the most was surplusage. Dolan v. United States, 133 Fed. 440, 69 C. C. A. 274; State v. Sparks, 78 Ind. 166.

[2] It is also argued that an indictment is void which charges one as an accessory to a misdemeanor. An accessory is one who aids, abets, counsels, or helps. Section 322, supra, makes one a principal who aids and abets, counsels, or procures the commission of an offense against the United States. The fifth, sixth, seventh, and eighth counts charged Davey with aiding, abetting, counseling, and procuring the bribery of the witness McMillen. That it fails to brand him as a principal is immaterial. It is sufficient when it advises him of the offense with which he is charged. At most, the fault is one of form only, which does not tend to prejudice.

[3] The point is made that the indictments are insufficient in not showing that the court had jurisdiction over the cause in which McMillen was to be a witness, and that McMillen was not legally designated as a witness. In counts 5 and 6 it is stated that McMillen was a witness "in a case then and there pending in the District Court of the United States for the District of Indiana, which said cause was then and there entitled 'The United States v. Richard E. Walker, No. 7,085, at the May term of said court,'" and that he "was then and there a material and important witness for the United States in the case aforesaid." This we deem sufficient. United States v. Bittinger, Fed. Cas. No. 14,598, cited by counsel for plaintiff in error, does not hold to the contrary. If the law referred only to those witnesses who had

been legally designated as such by the issuance of process or by order of court, in many instances it would amount to a dead letter. It would be necessary only that the corrupting influence be started with sufficient diligence to accomplish the desired purpose before a subpœna had been served or the order entered, and the persons exercising such influence would not be amenable to the law. This cannot be.

[4] It is also claimed that a grand jury is not a court, and that the provisions of section 135 do not apply to witnesses subpœnaed to ap-appear before a grand jury. The grand jury is an integral part of the court. Its impaneling is directed by the court. It is charged by the court and advised of its duties in the matters coming before it for investigation.

"It has been justly observed that no act of Congress directs grand juries or defines their powers. By what authority then are they summoned, and whence do they derive their powers? The answer is that the laws of the United States have created courts, which are invested with criminal jurisdiction. This jurisdiction they are bound to exercise, and it can only be exercised through the instrumentality of grand juries. They are therefore given by a necessary and indispensable implication. But how far is this implication necessary and indispensable? The answer is obvious. Its necessity is coextensive with that jurisdiction to which it is essential." Marshall, Chief Justice, in United States v. Hill, 1 Brock. 156, Fed. Cas. No. 15,364.

"The grand jury, * * * like the petit jury, is an appendage of the court, acting under the authority of the court, and the witnesses summoned before them are amenable to the court precisely as the witnesses testifying before the petit jury are amenable to the court." Heard v. Pierce, 8 Cush. (Mass.) 338, 54 Am. Dec. 757.

We are of the opinion that a witness called before the grand jury is a witness in a "court of the United States," as contemplated by section 135. See, also, the case of Savin, Petitioner, 131 U. S. 267, 9 Sup. Ct. 699, 33 L. Ed. 150, which we deem controlling.

[5] The principal contention of the plaintiff in error is that the verdict is inconsistent with itself; that Davey was acquitted as principal in a misdemeanor and therefore cannot be found guilty as an accessory because by section 322 the accessory was made a principal.

At common law there was no such offense as aiding and abetting a misdemeanor. Congress, in section 322, created a new crime and provided in effect that an accessory to an offense against the government should be punished as a principal. The fact that the statute provided that whoever directly commits an offense, and also whoever aids and abets the commission of the offense, are both principals and punishable as such does not relieve the government from charging the facts which make up the crime. Two distinct crimes are covered by sections 135 and 322. In one the crime is doing something directly; in the other doing the same thing indirectly. It is clear that, in order to convict a man of doing something indirectly, he must be so charged, although, if found guilty, his punishment may be that of a principal.

In Kibs v. People, 81 Ill. 599, the plaintiff in error was indicted for larceny. Section 74 of the Illinois Criminal Code provides:

"Whoever embezzles or fraudulently converts to his own use, or secretes with intent to embezzle or fraudulently convert to his own use, moneys, goods,

208 F.—16

or property, delivered to him, which may be the subject of larceny, or any part thereof, shall be deemed guilty of larceny."

On the trial proof was made of facts which amounted, in law, to embezzlement. The court said:

"The indictment is for larceny simply, as at common law. The uniform construction of similar statutes, both in this country and in England, is that the indictment must set out the acts of embezzlement and then aver that so the defendant committed larceny [citing authorities]. The defendant's fiduciary character is the distinguishing feature between embezzlement and larceny and must be specially averred. * * * But the section of the Criminal Code quoted relates to a class of cases which were not larceny at common law. It is said by eminent writers on criminal law that the statutes in relation to embezzlement were passed solely and exclusively to provide for cases which larceny at common law did not include; hence nothing that was larceny at common law is larceny under the embezzlement statutes; and nothing that is larceny under the embezzlement statutes is larceny at common law."

The conviction was accordingly reversed, because the statute making one guilty of embezzlement guilty of larceny created a new crime, and it was incumbent upon the grand jury to advise the accused of the specific crime of which he was charged.

In United States v. Mills, 7 Pet. 138, 8 L. Ed. 636, the defendant Mills was indicted for aiding and abetting Straughan to rob the mail. The offense was defined by two sections of the act of Congress approved March 3, 1825 (4 Stat. at Large, 102, c. 64), just as the offense in the indictment in the case now under consideration was defined as to Davey by two sections of the Criminal Code. The sections were:

"Sec. 21. If any person employed in any of the departments of the post office establishment, shall unlawfully * * * secrete, embezzle, or destroy, any letter, packet, bag, or mail of letters, with which he or she shall be intrusted, or which shall have come to his or her possession, * * * every such offender being thereof duly convicted, shall, for every such offense, be fined, * * * or imprisoned, * * * or both."

"Sec. 24. Every person who, from and after the passage of this act, shall procure, and advise, or assist, in the doing or perpetration of any of the acts or crimes by this act forbidden, shall be subject to the same penalties and punishments as the persons are subject to, who shall actually do or perpetrate any of the said acts or crimes, according to the provisions of this act."

Section 24 did not provide in so many words that the aider and abettor was a principal, but it did provide that he should be subject to the same penalties and punishments as the person who should actually do any of the acts or crimes legislated against, which, legally speaking, is only another way of enacting the same thing.

Section 322 of the Criminal Code, in declaring that whoever aids, abets, counsels, commands, induces, or procures the commission of any act constituting an offense defined in any law of the United States is a principal merely defines the crime of aiding and abetting and provides in effect that one found guilty shall be punished as a principal would be punished.

The defendant in the Mills Case moved in arrest of judgment. The court, in the course of its opinion, said:

"The offense charged in this indictment is a misdemeanor, where all are principals; and the doctrine applicable to principal and accessory in cases of

felony does not apply. The offense, however, charged against the defendant is secondary in its character; and there can be no doubt that it must sufficiently appear upon the indictment that the offense alleged against the chief actor had in fact been committed."

In United States **v.** Gooding, 12 Wheat. 460, 6 L. Ed. 693, the court said:

"The fifth instruction turns upon a doctrine applicable to principal and accessory in cases of felony, either at the common law or by statute. The present is a case of a misdemeanor, and the doctrine, therefore, cannot be applied to it, for in cases of misdemeanor all those who are concerned in aiding and abetting, as well as in perpetrating the act, are principals. Under such circumstances, there is no room for the question of actual or constructive presence or absence, for, whether present or absent, all are principals. They may be indicted and punished accordingly. Nor is the trial or conviction of an actor indispensable to furnish a right to try the person who aids or abets the act; each, in the eye of the law, is deemed guilty as a principal. In the present indictment the offense is in the third and fourth counts laid, by aiding and abetting, in the very terms of the act of Congress. If the crime, therefore, could be supposed to be of an accessorial nature, it is truly alleged, according to the fact, and not merely according to the intendment of law. We do not consider that the terms 'aid' and 'abet,' used in this statute, are used as technical phrases belonging to the common law, because the offense is not made a felony, and therefore the words require no such interpretation. The statute punishes them as substantive offenses and not as accessorial, and the words are therefore to be understood as in the common parlance and import assistance, co-operation, and encouragement."

The indictment in the instant case was laid in the terms of the act of Congress defining the offense, with such additional averments as were necessary to appraise the plaintiff in error of the precise nature of the crime of which he was accused. The averments as to the acts done by Walker are direct and specific and sufficient to charge him with a crime. They are followed by language aptly charging that Davey unlawfully and knowingly, and with corrupt intent, aided and abetted, induced, and procured Walker unlawfully, knowingly, and corruptly to obstruct and impede the due administration of justice in a case pending in the District Court of the United States.

The crime of which plaintiff in error was found guilty was defined by section 322; the crime of which he was found not guilty was defined by section 135. The mere fact that the punishment for one who aids and abets is the same as that of a principal or that one who aids and abets may be charged as a principal does not render the verdict inconsistent, because, in order to hold the accused under section 322, it was necessary for the grand jury to define what law was violated and the manner of that violation.

Counsel for plaintiff in error say that the accused has been found guilty and not guilty of the same offense. The error in their reasoning lies in the assumption that the crime of doing a thing directly and the crime of aiding and abetting in a violation of the law is the same offense.

An argument based upon inconsistency and repugnancy in verdicts is not favored by the law. In theory each count charges a distinct substantive offense, and the finding of the jury as to a particular count is independent of and unaffected by the finding upon any other count.

All that the law requires is that the gravamen of the charge in each count upon which there has been a verdict of guilty shall be the same. Walsh v. United States, 174 Fed. 615, 98 C. C. A. 461.

Many other points are made by counsel for the plaintiff in error which go rather to matters of form than to matters of substance. An indictment is well enough which states facts that constitute a crime in language which leaves no doubt in the mind of the defendant of what he is accused. It is true that a defendant should be informed clearly by the indictment of the exact and full charge made against him; yet the manner in which the information is given is unimportant. The function of an indictment is performed when it announces a substantial accusation of crime, states facts sufficient in law to support a conviction, and furnishes the accused with such a description of the charge as will enable him to make his defense and avail himself of a conviction or acquittal for protection against further prosecution for the same offense. Hume v. United States, 118 Fed. 689, 55 C. C. A. 407.

Moreover, section 1025 of the Revised Statutes (U. S. Comp. St. 1901, p. 720) provides:

"No indictment found and presented by a grand jury in any District or Circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

In this case there is no question but that the trial jury were of the opinion that, on the charge of directly interfering with the witness, plaintiff in error was not guilty; but that on the charge of indirectly interfering with the witness, or assisting in such interference, he was guilty. So long as Davey was advised clearly of the crime with which he was accused, and so long as there can be no doubt as to what was in the minds of the jury when they rendered their verdict, no fundamental principle being involved, the judgment of the trial court should be affirmed, and it is so ordered.