# UNITED STATES

*v.*

# EDUARDO BOSCH.

San Juan, Criminal, No. 961.

SCOPE OF THE ESPIONAGE ACT AMENDED.

Criminal Law—Intent.

    1. Questions of intent are specially for the jury, the surroundings giving color to the words employed.

Same—Two Offenses.

    2. Similar offenses alleged to have been committed on the same day may be joined.

Same—Other Statements.

    3. An indictment cannot be brought on such general words as "other statements of the same tenor and effect." The offenses must be defined.

Same—Striking Out—Counts.

    4. Striking out a count containing an indefinite charge does not prejudice defendant.

Opinion filed June 24, 1918.

*Mr. Miles M. Martin* for the United States.

*Mr. Frank Martinez* for defendant.

HAMILTON, Judge, delivered the following opinion:

The indictment in this case contains five counts, of which four relate to alleged statements by defendant to one Cabrera about President Wilson, and the fifth relates to statements to one Valdez relating to a passport,—all made at approximately the same time. The matter now comes up on demurrer to the indictment.

1. The demurrer alleges defects in each count, with the same general effect that the offense charged does not violate a law of the United States or any of the particular parts of the Espionage Act under which the counts are drawn. The points raised have probably been substantially disposed of in the case of the United States against Balbas, and even if not so are of less merit under the amendments of the Espionage Act than previously. They bring up the point for the court to determine whether certain statements show any intent to violate the law. The question of intent and the like is especially for the jury, because the surroundings give color to the words involved. The court cannot say that as they stand the words do not import the intent or result alleged. If this proves to be the fact under the evidence the defendant will have the benefit of it before the jury. The amendments to the Espionage Act are so sweeping that it will be difficult to come to the conclusion demanded by the demurrer.

2. It is true, as alleged by the demurrer, that the utterances

alleged to have been made before Cabrera and Valdes were different; but they were as set out on the same day and of the same nature, and no reason appears why they should not, under the general rule of criminal procedure, be set up in different counts of one indictment. That is the object of having different counts. That a joint trial will prejudice the defendant does not at present appear. He might well be guilty of one offense and not of the other, and juries frequently acquit defendants of particular counts.

3. The ground alleged that the words, "other statements which he the said Bosch then and there made to the same tenor and effect," are indefinite and uncertain, seems to be well taken. If it is right to set out what he said to Cabrera and what he said to Valdes, it is equally right to set out any other statements that he might have made that seemed criminal. It certainly would not be allowable to bring an indictment which says only that the defendant made criminal statements without defining what they are or wherein they are criminal. If the statements were identical it should be so alleged in aggravation of the offense; if they were not the same, they constituted a different offense and should be set out in a separate count. As it stands they would, as the demurrer alleges, seem to deprive the defendant of a full and ample opportunity to prepare his defense. The demurrer to that extent is therefore sustained.

4. Under §§ 1025 and 1026 of the Revised Statutes, Comp. Stat. 1916, §§ 1691, 1692, however, the only result is that this particular allegation is to be considered as struck out of the indictment. If a matter is alleged so indefinitely that the trial on it might prejudice the defendant, it cannot prejudice, and in fact would be remedying any supposed prejudice, to

X. Porto Rico.—30.

United States v. Bosch.

strike it out. This is the result of the ruling in the case at bar. Defendant will, therefore, answer the indictment with the immaterial defect amended out, as it is now held that the defect is a matter of form only, and does not tend to his prejudice. United States v. Stone, 8 Fed. 232; New York C. & H. R. R. Co. v. United States, 212 U. S. 481, 53 L. ed. 613, 29 Sup. Ct. Rep. 304; Davey v. United States, 125 C. C. A. 437, 208 Fed. 237.

The words above set out will therefore be struck out of the indictment, and the defendant will answer accordingly.

It is so ordered.