## MAUPIN et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
December 17, 1927.

No. 7487.

1. **Poisons** ☜9—**Indictment charging sale of morphine by persons required to register and pay tax held to state every element of offense, and sufficient against demurrer (Harrison Anti-Narcotic Act, § 1, as amended [26 USCA §§ 211, 691, et seq.]).**

Indictment charging sale of morphine in violation of Harrison Anti-Narcotic Act, § 1, as amended (26 USCA §§ 211, 691, et seq.; Comp. St. § 6287g), by defendants, who were dealers in morphine required to register and pay the special tax prescribed, without so registering or paying tax, *held* sufficient as against demurrer, since every element of offense charged was well pleaded.

2. **Criminal law** ☜622(1)—**Denial of application of one charged as joint offender for severance was in exercise of sound discretion.**

Where defendants were charged as joint offenders, the denial of the application of one of them for a severance was in exercise of a sound discretion.

3. **Criminal law** ☜1129(3)—**Assignment of error in permitting government witnesses to testify to similar collateral offenses held too vague and general (Circuit Court of Appeals rule 11).**

Assignment of error in permitting, over objection, certain government witnesses to testify to collateral transactions similar to transaction charged in indictment, might have been disregarded, as too vague and general, under rule 11 for Circuit Court of Appeals, directing that, when error alleged is to the admission or rejection of evidence, the assignment shall quote the full substance of such evidence.

4. **Criminal law** ☜1169(5)—**Assignment to admission of testimony respecting previous similar offenses held without merit, where objection was promptly sustained, testimony stricken, and jurors admonished.**

Where objection to testimony respecting purchases of narcotic drugs prior to transactions charged in indictment, offered to show joint activity of defendants under indictment charging sale of morphine, in violation of Harrison Anti-Narcotic Act, § 1, as amended (26 USCA §§ 211, 691, et seq.; Comp. St. § 6287g), was promptly sustained, inadvertent answer of witness stricken out, and jurors admonished to disregard it, assignment of error directed to the admission of such evidence *held* without merit.

5. **Criminal law** ☜829(1)—**Refusal to charge on matters fully covered in court's charge was not error.**

Refusal of requested charge on matters fully and correctly covered by the court in its charge was not error.

6. **Criminal law** ☜1134(8)—**In reviewing denial of defendants' motion for directed verdict, reviewing court must examine evidence, to determine whether it sustains verdict and judgment.**

On writ of error in criminal case, reviewing court, in reviewing denial of motion to direct verdict for defendant, must examine the record to ascertain whether the evidence is sufficient to sustain the verdict and judgment.

7. **Poisons** ☜9—**Conviction under indictment charging unlawful sale of morphine by unregistered dealers held not sustainable, where proof did not show sale in or from original stamped packages (Harrison Anti-Narcotic Act, § 1, as amended [26 USCA §§ 211, 691, et seq.]).**

Where not only was there no evidence in record that defendants sold morphine in or from original stamped packages, but the fair intendment of the testimony was to the contrary, conviction under indictment charging sale of morphine by defendants, who were dealers in morphine required by Harrison Anti-Narcotic Act, § 1, as amended (26 USCA §§ 211, 691, et seq.; Comp. St. § 6287g), to register and pay special tax, without having so registered or paid the tax could not be sustained.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

W. R. Maupin and another were convicted of selling morphine, in violation of the Harrison Anti-Narcotic Law, and they bring error. Reversed and remanded for new trial.

Warren K. Snyder, of Oklahoma City, Okl. (Edward C. Snyder, of Oklahoma City, Okl., on the brief), for plaintiffs in error.

Leslie E. Salter, Asst. U. S. Atty., of Oklahoma City, Okl. (Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and POLLOCK, District Judge.

VAN VALKENBURGH, Circuit Judge. Frank R. Snyder and W. R. Maupin were indicted in the Western district of Oklahoma for violations of the Act of December 17, 1914, as amended, commonly known as the Harrison Anti-Narcotic Law (26 USCA §§ 211, 691, et seq.; Comp. St. § 6287g et seq.). The indictment was in three counts. The first was for sale of morphine January 4, 1926, to one Homer Smith; the second, for sale on the same date to one A. L. Raithel; the third for sale January 5, 1926, to said A. L. Raithel. In each count it was alleged that Snyder and Maupin were dealers in morphine, persons required to register and pay the special tax prescribed by the act, and that they had neither so registered nor paid.

Defendant·Snyder applied for severance, which was denied. He then demurred to the indictment. It does not appear from the record that Maupin joined in this demurrer, but that is not found to be important. The demurrer was overruled; at the trial both de-

fendants were found guilty upon counts 1 and 2, and were sentenced on each count to imprisonment in the federal penitentiary at Leavenworth, Kan., for a term of five years —these sentences to run concurrently. Both defendants moved for a directed verdict at the close of all the evidence. This motion was sustained as to count 3 and overruled as to counts 1 and 2.

The assignment of errors presents the following as the only questions meriting consideration:

(1) The validity of the indictment.

(2) The right of Snyder to a severance.

(3) Alleged error in the admission of evidence.

(4) Refusal of requested instructions.

(5) The refusal of the court to direct a verdict, and the sufficiency of the evidence to support the verdict and judgment.

[1] 1. In the indictment, every element of the offenses charged was well pleaded, and the demurrer was properly overruled.

[2] 2. The defendants were charged as joint offenders, and the denial of the application of Snyder for severance was in the exercise of a sound discretion.

[3, 4] 3. Error is urged "in the admission of evidence over the objection of the defendants and of each of them in permitting certain witnesses of the government to testify to other transactions of a similar nature which were collateral to the transaction charged in the indictment." The vague and general language of this assignment is in direct violation of rule 11 of this court, which directs that "when the error alleged is to the admission or to the rejection of evidence the assignment of errors shall quote the full substance of the evidence admitted or rejected." This assignment might, therefore, properly be disregarded. Braden v. United States (C. C. A. 8) 270 F. 441. However, an examination of the record discloses that, in an attempt to show the joint activity of the defendants, a witness started to testify to a previous purchase of drugs. Objection to this line of testimony was promptly sustained by the court, the inadvertent answer was stricken out, and the jurors were admonished to disregard it. Throughout the record the court jealously protected the defendants,

in this as in all particulars, and this assignment is wholly without merit.

[5] 4. An exception was preserved to the action of the court in refusing four specified instructions requested. These requests dealt with the presumption of innocence, reasonable doubt, entrapment, and the fact that an indictment is merely a formal charge, and no evidence of guilt. All these matters were fully and correctly covered by the court in its charge, and no error can be predicated upon its failure or refusal to adopt the language requested.

[6, 7] 5. We come finally to the refusal of the court to sustain the motion for a directed verdict. This action makes it our duty to examine the record to ascertain whether the evidence adduced is sufficient to sustain the verdict and judgment. In each count of the indictment the defendants are charged as dealers, under the first penal provision of section 1 of the act (26 USCA §§ 211, 691, et seq.; Comp. St. § 6287g). Therein dealers are thus defined:

"Every person who sells or offers for sale any of said drugs in the original stamped packages, as hereinafter provided, shall be deemed a wholesale dealer.

"Every person who sells or dispenses from original stamped packages, as hereinafter provided, shall be deemed a retail dealer."

Not only is there in the record no evidence that plaintiffs in error sold in or from original stamped packages, but the fair intendment of the testimony is to the contrary. The "government, therefore, failed to prove that plaintiffs in error were persons required to register under section 1 of the act, and thus failed to establish a material element of the offense charged," as was the case in O'Neill v. United States (C. C. A. 8) 19 F. (2d) 322. The construction of the act announced by this court in that case controls the disposition of the one before us. The evidence adduced was ample to sustain a verdict under the second penal provision of section 1, but unfortunately the indictment was not based upon that provision.

It follows that the judgment must be reversed and remanded for a new trial. It is so ordered.