## BOWDRY v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 14, 1928.

No. 7477.

1. **Indictment and information** ⊕⇒111(1)—Charge that defendant was dealer in morphine, required to register and pay special tax, held incomplete for failure to allege he did not register or pay tax (Anti-Narcotic Act, § 2 [26 USCA § 696]).

In indictment for sale of morphine with intent to defraud United States, in violation of Anti-Narcotic Act, § 2 (26 USCA § 696; Comp. St. § 6287h), charge that defendant was dealer and person required to register and pay special tax prescribed *held* incomplete, for failure to allege that he did not register and did not pay special tax.

2. **Poisons** ⊕⇒9—In absence of evidence that defendant was morphine dealer, charge that he was dealer was not sustained by proofs (Anti-Narcotic Act [26 USCA §§ 211, 691, 707]).

Where there was no evidence that defendant was dealer in morphine, within Anti-Narcotic Act (26 USCA §§ 211, 691, 707; Comp. St. §§ 6287g–6287q), charge of indictment that he was a dealer required to register and pay special tax, even if well founded, was not sustained by proofs.

3. **Poisons** ⊕⇒9—Charge that morphine involved was not stamped held insufficient, as charge that defendant dispensed it in or from original stamped package (Anti-Narcotic Act, § 2 [26 USCA § 696]).

In indictment for sale of morphine with intent to defraud United States, in violation of Anti-Narcotic Act, § 2 (26 USCA § 696; Comp. St. § 6287h), charge that specific morphine involved was not stamped *held* not sufficient as charge that defendant, whether as dealer or otherwise, dispensed the drugs either in or from the original stamped package.

4. **Poisons** ⊕⇒2—Statute making it unlawful to sell drugs, except on buyer's written order on prescribed form, held applicable to all persons (Anti-Narcotic Act, § 2 [26 USCA § 696]).

Anti-Narcotic Act, § 2 (26 USCA § 696; Comp. St. § 6287h), making it unlawful for any person to sell drugs, except in pursuance of written order of person to whom such article is sold, on form issued in blank for such purpose by Commissioner of Internal Revenue, covers all persons alike, and is not restricted to dealers and those required to register.

5. **Indictment and information** ⊕⇒125(47)—Count charging failure to register as morphine dealer and dispensing of unstamped drugs not in pursuance of written order held not duplicitous (Anti-Narcotic Act, § 2 [26 USCA § 696]).

In indictment for sale of morphine with intent to defraud United States, in violation of Anti-Narcotic Act, § 2 (26 USCA § 696; Comp. St. § 6287h), count alleging failure to register as dealer in morphine and dispensing of unstamped morphine not in pursuance of required written order *held* not duplicitous, when omitting surplus allegations respecting defendant being a dealer required to pay special tax, and as to dispensing unstamped drugs.

6. **Indictment and information** ⊕⇒125(47)—To constitute "duplicity," two or more offenses must be sufficiently described.

To constitute "duplicity," two or more offenses must be sufficiently described, since additional allegations, merely tending to show commission of distinct offenses, but not sufficient in themselves to constitute a charge thereof, do not invalidate indictment or information, and may be rejected as surplusage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Duplicity.]

7. **Poisons** ⊕⇒2—Statute making it unlawful to sell drugs, except on buyer's written order on prescribed form, held constitutional (Anti-Narcotic Act, § 2 [26 USCA § 696]).

Anti-Narcotic Act, § 2 (26 USCA § 696; Comp. St. § 6287h), making it unlawful for any person to sell drugs, except in pursuance of written order of person to whom such article is sold on form issued in blank for such purpose by Commissioner of Internal Revenue, is constitutional.

8. **Criminal law** ⊕⇒358—Testimony that defendant came from certain city with witnesses about two weeks before date laid in indictment held admissible to rebut alibi testimony (Anti-Narcotic Act, § 2 [26 USCA § 696]).

In prosecution for sale of morphine with intent to defraud United States, in violation of Anti-Narcotic Act, § 2 (26 USCA § 696; Comp. St. § 6287h), testimony of witnesses with reference to their coming from certain city with defendant on a date about two weeks before date laid in indictment *held* admissible to rebut defense of alibi, and government's counsel was justified in commenting on such testimony.

9. **Criminal law** ⊕⇒1172(1)—Charge that proof of dispensing narcotics between certain dates would be sufficient as to dates held not prejudicial to defendant (Anti-Narcotic Act, § 2 [26 USCA § 696]).

In prosecution for sale of morphine with intent to defraud United States, in violation of Anti Narcotic Act, § 2 (26 USCA § 696; Comp. St. § 6287h), court's charge calling special attention to January 19 as date on which drug was alleged to have been dispensed, and statement that any time between January 9 and the filing and returning of indictment on February 6 would be sufficient as to dates, *held* not prejudicial to defendant.

**10. Criminal law ⊜➾829(1)—Refusal of requested instructions was not error, where they were covered by original charge or supplied on exception.**

Refusal to give defendant's requested instructions was not error, where substance of matter contained therein was either given in original charge or supplied on exception taken.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Ben Bowdry was convicted of dispensing morphine with intent to defraud United States, and he brings error. Affirmed.

Warren K. Snyder, of Oklahoma City, Okl. (Edward C. Snyder, of Oklahoma City, Okl., on the brief), for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and POLLOCK, District Judge.

VAN VALKENBURGH, Circuit Judge. Plaintiff in error was indicted at the 1926 term of the District Court of the United States for the District of Oklahoma, upon four counts. The first two counts were withdrawn from the consideration of the jury. Conviction resulted upon the third and fourth counts. Upon the fourth count the defendant was sentenced to imprisonment for five years in the federal penitentiary at Leavenworth, Kansas, and adjudged to pay a fine of $100. The sentence upon the third count was for a like imprisonment, to run concurrently with that imposed upon count 4. At the hearing counsel for the government properly conceded error as to the third count, under the authority of Smith v. United States (C. C. A. 8) 17 F.(2d) 723. It is necessary, therefore, to consider only the fourth count and the proceedings thereunder resulting in conviction. That count reads as follows:

"And the grand jurors aforesaid, upon their oaths aforesaid, in the name and by the authority of the United States of America, do further find, present, and charge that Ben Bowdry, whose more true, full, and correct name is to the grand jurors unknown, then and there being a dealer in morphine, which said morphine was then and there a salt, derivative, and preparation of opium, and then and there being a person who, under the law and rules and regulations prescribed and promulgated by the Commissioner of Internal Revenue, was required to register with the internal revenue collector of their district, as such dealer, and to pay the special tax provided therefor, did, on or about the 19th day of January, A. D. 1926, at a certain point located near Utica street and the Frisco Railroad tracks, Tulsa, Tulsa county, state of Oklahoma, in the Northern district of Oklahoma, and within the jurisdiction of this court, unlawfully, willfully, and feloniously, and with intent to defraud the United States of America, and in violation of section 2 of that Act of Congress of December 17, 1914, as amended by Act of Congress of 1918 and approved February, 1919, commonly known and designated as the Harrison Anti-Narcotic Act, illegally barter, exchange, dispense, and give away to Lillie Welborn and Bernice Caton 42 cubes of morphine, a more exact amount and better description of which is to the grand jurors unknown, which said 42 cubes of morphine was unstamped, and which barter or exchange of said morphine was not in pursuance of a written order of the said Lillie Welborn and Bernice Caton, and not within any of the exceptions or exemptions provided for in the sale, barter, and exchange of narcotics in the aforementioned act of Congress, and which sale, barter, and exchange of said morphine was prohibited and contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

To this count plaintiff in error filed demurrer; also, demurrer to the evidence, motion for directed verdict at the close of the case, and motion in arrest of judgment.

[1-5] The count is assailed as duplicitous. There is in it language describing the defendant therein named as a dealer in morphine, a derivative and preparation of opium, that the 42 cubes of morphine dispensed to the women named were unstamped, and that the barter and exchange of the drug were not in pursuance of a written order, nor within any of the exceptions or exemptions provided for in the act of Congress under which the indictment was brought.

It is alleged that Bowdry was a dealer and a person required by law to register and pay the special tax provided. Nowhere is it alleged that he did not register and did not pay the tax. While this is a matter of defense from the standpoint of proof, nevertheless the pleading must contain this necessary allegation. Furthermore, in the record there is no evidence that plaintiff in error was a dealer, as defined in the Anti-Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q). O'Neill v. United States (C. C. A. 8) 19 F.(2d) 322; Maupin et al.

v. United States (C. C. A. 8) 23 F.(2d) 470. The charge in the indictment that the defendant named was a dealer is therefore incomplete; nor was that charge, if well pleaded, sustained by the proofs. Nor does the indictment sufficiently charge that plaintiff in error, whether as dealer or otherwise, dispensed the drugs either in or from the original stamped package. It states merely that these specific cubes were unstamped. The allegation that the morphine was given away not in pursuance of the written order required by section 2 of the act (26 USCA § 696; Comp. St. § 6287h) is complete and sufficient. This section covers all persons alike. It is not restricted to dealers and those required to register. Nigro v. United States, 48 S. Ct. 388, 72 L. Ed. ——, opinion filed April 9, 1928. While the pleader has attempted to cover too much ground in this count, and while this form of indictment is not to be approved, nevertheless we think count 4 must be sustained, under the rule permitting the incomplete allegations respecting dealers and dispensing unstamped drugs to be disregarded as surplusage. The rule is thus stated in 31 C. J. 773, par. 34.

[6] "Since to constitute duplicity two or more offenses must be sufficiently described, additional allegations which merely tend to show the commission of distinct offenses, but are not sufficient in themselves to constitute a charge thereof, will not invalidate the indictment or information, the generally accepted rule being that they may be rejected as surplusage." Smith v. United States (C. C. A. 8) 17 F.(2d) 723; Davey v. United States (C. C. A. 7) 208 F. 237; United States v. Patty (D. C.) 2 F.(2d) 664–667; United States v. Sugar et al. (D. C.) 243 F. 423–426; Sugar v. United States (C. C. A. 6) 252 F. 79.

This leaves as the charge in the fourth count of the indictment the dispensing of the drug without the written order required by section 2 of the act. This charge was abundantly supported by the evidence. The demurrer to the indictment, to the evidence at the close of the case, and the motions for directed verdict and in arrest of judgment were properly overruled.

[7] The other errors assigned merit but brief consideration. The constitutionality of the act generally, and specifically upon the provision prohibiting the sale, barter, exchange, or giving away of such drugs by any person whomsoever, except in pursuance of written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that pur-

pose by the Commissioner of Internal Revenue, has now been finally settled. Frank Nigro v. United States, supra.

[8] Error is assigned to the admission of the testimony of Lillie Welborn and Bernice Caton with reference to their coming from Oklahoma City to Tulsa with the defendant Ben Bowdry and one John Hood on the 4th of January, 1926, and to the opening statement and later argument of the United States attorney concerning that phase of the evidence. The only defense was an alibi; the testimony of the witnesses in support thereof tending to place Bowdry in Oklahoma City throughout the period within which the offense was charged to have been committed. The defendant himself did not take the stand. This testimony, to which error is assigned, was, therefore, competent and material in establishing the relationship between him and these witnesses to whom the drugs were dispensed, and to rebut the defense interposed. Government counsel, therefore, were justified in commenting upon that phase of the testimony.

[9] The court in its charge called especial attention to the 19th day of January as the date on which the drug was dispensed, as charged in the fourth count of the indictment. He also said that any time between the 9th day of January and the time of the filing and returning of the indictment, which was on the 5th day of February, 1926, would be sufficient as to dates. Counsel urge that this operated to the prejudice of the defendant, in that his counsel, relying upon a previous ruling of the court, which, however, concerned transactions prior to January 19th, forbore to introduce testimony of defendant's whereabouts later than January 19th. The record discloses, however, that the defense was permitted to and did introduce testimony tending to show that Bowdry was in Oklahoma City, and not in Tulsa, as late as January 27th. The testimony definitely confined the commission of the offenses to January 19th, the specific date laid in the indictment. There was no evidence of the dispensation of the drugs at any later date. The jury, therefore, could not have been misled, and no possible prejudice resulted to the defendant in this respect.

[10] Error is assigned to the refusal of the court to give certain requested instructions. The substance of the matter contained in these instructions was either given in the original charge or supplied upon exception taken. All errors assigned have been carefully considered, and we find in the record nothing to justify a reversal of this case,

The guilt of the defendant was so clearly established that the jury could not have found otherwise than it did.

The judgment upon the third count will be set aside in accordance with the concession of government counsel; that upon the fourth count should be and is affirmed.