**UNITED STATES v. MERCURIO et al.**

District Court, N. D. New York. May 22, 1928.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (James J. Crowley, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for the United States.

D. Charles O'Brien, J. C. Setright, and Keith Driscoll, all of Syracuse, N. Y., for defendants.

COOPER, District Judge. This is a demurrer by the government to the plea of double jeopardy interposed by the defendants, arising out of the former acquittal of these defendants by directed verdict. In their plea the defendants assert that the indictment under which they were acquitted charged the same offenses as the new indictment. The district attorney demurs to this plea and asks that it be overruled, claiming that the former indictment charged one kind of offense under the Narcotic Law and that the new indictment charges another kind of offense under that law.

Both indictments arise out of the same transactions on the same day, in the same city of Syracuse, and involve the same defendants. The former indictment charged the defendants with conspiring to violate the Narcotic Law, possession under the Narcotic Law, and sale under the Narcotic Law. The new indictment charges the defendants with conspiracy and sale under the Narcotic Law.

The former indictment in substance charges that the defendants conspired to deal in narcotic drugs without registering and paying the taxes required by the Narcotic Law in the first count, and that they possessed narcotic drugs without having paid the tax provided by the Narcotic Law in the second count, and that they sold narcotic drugs without having an order required by the Narcotic Law and without having registered or paid the tax required by the Narcotic Law in the third count. This clearly charges offenses based on a failure to register and pay a tax as required for dealers who may deal only in stamped packages.

Upon the former trial, at the close of the government's case (substantially, though not technically, at the close of the case) defendants moved for the direction of a verdict of not guilty on all counts, on the ground that the indictment charged the defendants with violating that offense under the Narcotic Law, which related only to dealers selling in or from stamped packages, who are required to register and pay a tax, which it was charged defendants had failed to do, and that the proof in the case showed that the sales, if any, were made in unstamped packages and that there was no proof that defendants were required to register and pay a tax or had not done so, and that the defendants, therefore, could not be convicted of the offense so charged.

That there might be no misunderstanding about the attitude of the defendants, the court said in the former trial:

"Without any further reference to that, counsel for the defendants in the absence of the jury and apart from the record, brought to my attention the fact that they propose at the end of the Government's case to move for a directed verdict of not guilty on the ground that the indictment in the conspiracy, possession and sales counts, all of them alike was based upon and presented under a provision of the narcotic law that related only to dealings in stamped packages, that that is the indictment and there is no proof of any dealings in stamped packages and there can be no presumption under the recent decision from the possession of narcotic drugs in unstamped packages, and therefore, the case fails utterly of proof of a violation of the provisions of the narcotic law that relates to dealing in stamped packages by registered dealers; in other words, that the Government has utterly failed to prove that these defendants as charged were dealers in narcotic drugs, who dealt in stamped packages and therefore should have registered as such.

"Do I correctly state your position, gentlemen of the defense?

"Mr. Setright: I think so. Is not that so?

"Mr. O'Brien: Yes.

"Mr. Kaufman: Yes.

"Mr. Setright: With one exception that the defendants are making this motion at this time—I don't know just how to get that on the record, but that the Government has rested and we are doing this at the close of the prosecution's case. * * *

"The Court: The Court is satisfied that the indictment runs only to one of the offenses named in the Harrison Narcotic Act [26 USCA §§ 211, 691–707], namely dealers who are required to register and who may deal only in stamped packages, that it does not run to persons dealing or possessing, or dispensing or selling or dealing in any unstamped packages, such persons not being required to register, and the Court holds that such offense is not charged in this indictment, either under the conspiracy or sale or possession count, and that the only offense charged

144

is the other one relating to dealers who are required to register, and that is the ground of the motion on the part of defendant's counsel, and for that reason the Court will curtail any further taking of evidence in the case, agreeing with the defendants' counsel thereon, and will direct a verdict of not guilty on all the counts charged in the indictment."

On that motion the defendants relied particularly on the case of Gerardi v. U. S., 24 F.(2d) 189, in which the opinion in the First Circuit Court of Appeals, handed down on February 2, 1928, had not been reported.

The new indictment was found at the April, 1928, term of this court at Syracuse. The charge of sale under the new indictment does not charge that these defendants are dealers of narcotic drugs in or from stamped packages, who are required to register and pay a tax and have not done so. This sale count makes no reference to any requirement to register and pay a tax, but flatly charges the defendants with selling narcotic drugs in unstamped packages, which is denounced by the Narcotic Law as another and different offense, whether committed by dealers who have registered and paid their tax, or by dealers who have not registered and paid their tax, or by any person, dealer or nondealer, registered or unregistered.

The conspiracy count in like manner is addressed, not to dealers who are required to register and pay a tax for dealing in stamped packages, but to persons who conspire to violate the Narcotic Law by agreeing to sell in unstamped packages. This offense likewise may be committed by persons who were dealers in stamped packages, and had registered, by persons who were dealers in stamped packages and had not registered, or by any persons, registered or unregistered dealers or nondealers.

It cannot be held that the allegations of the former indictment that defendants had not registered and paid the required tax are surplusage which may be disregarded and the two indictments thereby made more nearly alike or the same. Such averment of failure to register and pay the tax is required to state one offense under the Narcotic Law and is not required to state the other offense. Such allegations are the chief distinction between the two classes of offenses.

In Butler v. U. S. (C. C. A.) 20 F.(2d) 570, the court said: "It has been suggested in the instant case that the allegations in the indictment that defendants were dealers, but had not been registered and had not paid the special tax, might be rejected as surplusage. We think this cannot be done, for the reason that a particular offense was charged in the indictment, and those allegations were a necessary part of the description of that particular offense, and the rule is that, where words are employed in an indictment which are descriptive of the identity of that which is legally essential to the charge in the indictment, such words cannot be stricken out as surplusage."

Upon this demurrer to the sufficiency of defendant's plea, defendant's counsel now takes the position that the Narcotic Law does not charge two offenses, which is contrary to the position taken on the former trial. In their brief the counsel for the defendants in this demurrer say this: "It is the contention of the defendants that there are not two separate offenses set forth in the Harrison Narcotic Act and therefore there cannot be separate crimes charged in the two indictments under consideration."

The defendant's position in this respect is inconsistent with the very case which was their main reliance in obtaining the directed verdict in the former trial, namely, Gerardi v. U. S., for in that case the court said: "Two offenses are therefore defined by the act: (1) The sale of stamped packages by one required to register and pay the special tax or who has failed to do so; and (2) the sale of unstamped packages by any one, whether required to register or not."

The same is held by cases cited in the Gerardi Case.

In Butler v. U. S., 20 F.(2d) 570, the Circuit Court of Appeals of the Eighth Circuit said, at page 572: "It must be borne in mind that section 1 of the Harrison Anti-Narcotic Act, as amended by the Act of February 24, 1919 [40 Stat. 1130], covers two separate and distinct classes of offenses: First, offenses that may be committed only by a limited class of persons, viz., persons required to register under the provisions of the act; second, offenses that may be committed by any person." And in O'Neill v. U. S., 19 F.(2d) 322, the Circuit Court of Appeals for the Eighth Circuit, said: "It will be observed that this section defines two distinct offenses. The first penal provision makes it unlawful for any person required to register under the provisions of the act to import, manufacture, produce, compound, sell, * * * any of such drugs without having registered and paid the special tax imposed by section 1. The second penal provision makes it unlawful for any person to purchase, sell, dispense, or distribute any of such drugs, except in the original stamped package or from the original stamped package."

In Maupin v. U. S. (C. C. A.) 23 F.(2d) 470, 471, the court said in reversing a conviction under an indictment charging an offense under one of the two classes of offenses denounced in the statute: "Not only is there in the record no evidence that plaintiffs in error sold in or from original stamped packages, but the fair intendment of the testimony is to the contrary. The 'Government, therefore, failed to prove that plaintiffs in error were persons required to register under section 1 of the act, and thus failed to establish a material element of the offense charged,' as was the case in O'Neill v. U. S. (C. C. A. 8) 19 F.(2d) 322. The construction of the act announced by this Court in that case controls the disposition of the one before us. *The evidence adduced was ample to sustain a verdict under the second penal provision of section 1, but unfortunately the indictment was not based upon that provision.*"

Defendants, therefore, are in error in their contention in this respect. It is clear that there are two different offenses charged in the statute. The former indictment charged one offense and the new indictment charges the other offense.

Nor is the defendant's plea saved by the fact that the same testimony will probably be introduced on the trial of this indictment as was introduced on the trial of the first indictment. Defendants, to support such contention, quote from Morgan v. Devine, 237 U. S. 641, 35 S. Ct. 715, 59 L. Ed. 1153, these words: "This Court has settled that the test of identity of offenses is whether the same evidence is required to sustain them."

This does not mean that if the same facts are presented on both trials the offenses must necessarily be one and the same and not two separate and distinct offenses. It should be noted that the above quotation says nothing about the facts being the same, nor even about the evidence being the same on both trials, but speaks only that the "evidence required" is the same.

In Morgan v. Devine, supra, the court instead of discussing the meaning of the quoted words refers to several previous decisions, the last of which in point of time is Gavieres v. U. S., 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489. In the case the court said, at page 342 of 220 U. S. (31 S. Ct. 422): "A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same *act,* but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

Here stamped packages characterize one offense, unstamped packages the other. Thus one offense "requires proof of an additional fact which the other does not." Defendant's citation, therefore, does not support but refutes their contention.

In Burton v. U. S., 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362, the court said: "It must appear that the offense charged, using the words of Chief Justice Shaw, 'was the same in law and in fact. The plea will be vicious, if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact.' Commonwealth v. Roby, 12 Pick. [Mass.] 496, 504."

In Ramirez v. U. S. (C. C. A. 9) 23 F.(2d) 788, the court said: "The verdict finding the defendant guilty as to one count and not guilty as to the other is neither repugnant nor inconsistent, for while we may assume that the transaction charged in each count is the same, the offenses are different, and each offense contains elements not found in the other. Under such circumstances, a verdict of not guilty as to one count is not inconsistent with a verdict of guilty as to the other."

Of course, the same doctrine applies where the offenses are charged in separate indictments as they do when charged in the same indictment, provided only that they are separate offenses.

The demurrer of the government is sustained, and the plea of double jeopardy arising from the alleged previous acquittal is overruled, and the defendants are required to plead and go to trial at reasonable notice by the United States attorney.